(COMMON LAW.)

## GREENLEAF v. COOK.

Where a promissory note was given for the purchase of real property, held that the failure of consideration through defect of title must be *total*, in order to constitute a good defence to an action on the note.

*Quœre*, Whether, after receiving a deed, the party could avail himself even of a total failure of consideration?

But where the note is given with full knowledge of the extent of the incumbrance, and the party thus consents to receive the title, its defect is no legal bar to an action on the note.

Any partial defect in the title or the deed is not inquirable into by a court of law in an action on the note; but the party must seek relief in chancery.

ERROR to the circuit court of the United States, for the district of Columbia.

James Greenleaf instituted a suit in that court on a promissory note executed by the defendant, who pleaded the general issue. On the trial, the defendant gave in evidence a deed executed by Pratt, Francis, and others, by James Greenleaf, their attor-

ney, conveying to him a lot of ground in the city of Washington, for the purchase of which the promissory note in the declaration mentioned was given. He also gave in evidence a deed from Morris, Nicholson, and others, to Thomas Law, purporting to be a mortgage of a great number of squares and lots in the city of Washington, and among others, of the square comprehending the lot purchased by the defendant, together with the proceedings in a suit in chancery, instituted by the said Thomas Law, against Pratt, Francis, and others, in which a decree of foreclosure was pronounced. He then produced a witness who proved, that at the time of the sale the lot was not, in his opinion, exclusive of improvements, worth more than the sum mentioned in the note.

Upon this testimony, the counsel for the defendant moved the court to instruct the jury, that if they believed the testimony, the law was for the defendant, which instruction the court refused to give, the judges being divided in opinion thereon. The counsel for the plaintiff then moved the court to instruct the jury that the law was for the plaintiff, which opinion the court also refused to give, being still divided.

The counsel for the plaintiff then produced testimony to prove that the lot of ground, in payment for which the promissory note mentioned in the declaration was given, had been sold to a certain John Bickly, who took possession thereof, and resided thereon during his life; that after his death, his widow continued to reside thereon until she inter-

married with the defendant, and that the defendant still resides thereon. That previous to the execution of the promissory note, on which this suit is instituted, he received full and complete information of the deed of mortgage in the foregoing bill of exceptions mentioned, and of the probable effect of that deed. That with this knowledge, after consultation and mature consideration, he received the deed for the lot, and gave his promissory note for the purchase money. He then moved the court to instruct the jury that, if they believed the facts thus stated on testimony, the plaintiff was entitled to recover in this action. But the court, being again divided, refused to give the opinion required.

The counsel for the plaintiff took exceptions to the proceedings of the court in each point, in not giving their opinions as asked. The jury found a verdict for the defendant, upon which judgment was rendered, and the cause came before this court on a writ of error.

Mr. *Jones*, for the plaintiff in error, argued, that where a party purchases real property, without fraud on the part of the vendor, the vendee takes it at his own risk, unless he has a warranty against the acts of all the world. That there is no distinction between a direct action to recover back the purchase money, and a defence for want of consideration. In this case there is no eviction, but a mere contingent incumbrance only, proper for the exclusive cognizance of a court of equity, which court may

1817
Greenleaf
v.
Cook.

Feb. 5th.

1817.

Greenleaf,
v.
Cook.

decree a specific performance, or compensation, as its justice may require.[a]

Mr. *Law*, contra, contended, that if this were a case of an express agreement to take *any* or *no* title, the doctrine cited from Sugden would apply; but that here the vendor promised to give the vendee a clear and unincumbered title. A court of chancery will never decree a specific performance without a perfect title at law and in equity; and the defence on account of defect of title is as available in the one forum as the other.[b]

Feb. 8th.

Mr. Ch. J. MARSHALL delivered the opinion of the court, and after stating the facts, proceeded as follows:

On the first exception it has been argued, that there is a failure of consideration, which constitutes a good defence in this action.

Without deciding whether, after receiving a deed, the defendant could avail himself of even a total failure of consideration, the court is of opinion, that to make it a good defence, in any case, the failure must be total. The prior mortgage of the premises, and the decree of foreclosure, do not produce a total failure of consideration. The equity of redemption may be worth something: this court cannot say how much; nor is the inquiry a proper

a *Sugden's Law of Vendors*, 312. to 318. and the authorities there cited.

b *2 Comyn on Cont.* 52.

one in a court of law in an action on the note. If the defendant be entitled to any relief it is not in this action.

But if any doubt could exist on the first exception, there is none on the second. The note was given with full knowledge of the case. Acquainted with the extent of the incumbrance, and its probable consequences, the defendant consents to receive the title which the plaintiff was able to make, and on receiving it, executes his note for the purchase money. To the payment of a note given under such circumstances, the existence of the incumbrance can certainly furnish no legal objection.

It has been also said that the deed is defective. If it be, the defendant may require a proper deed, and it is not impossible but there may be circumstances which would induce a court of equity to enjoin this judgment until a proper deed be made. But the objections to the deed cannot be examined in this action.

Judgment reversed.[c]

c By the French law, the price of the sale of real property cannot be recovered by the vendor, if the vendee has been disturbed (*troublé*) in his possession, by prior incumbrances, or has just ground for apprehension on that account, until the litigation concerning them is terminated; unless, indeed, the vendor gives sufficient security to indemnify the vendee in case of eviction. *Pothier de Vente, n.* 280. *Code Napoleon, Liv.* 3. *tit.* 6. *chap.* 5. *n.* 1653. For the various distinctions in our law as to where the vendee may detain the purchase money, if incumbrances are discovered previously to the payment of it, and to what relief he is entitled if evicted after the money is actually paid, see *Sugden's Law of Vendors* as above cited, which contains a complete digest of the cases in equity on this subject.

JUDGMENT. This cause came on to be heard on the transcript of the record of the circuit court of the United States for the county of Washington, and was argued by counsel. All which being seen and considered, it is the opinion of this court that there is error in the proceedings of the said circuit court, in this, that the said court refused to instruct the jury on the application of the counsel for the plaintiff, that on the facts given in evidence to them, if believed, the plaintiff was entitled to recover in that action; wherefore it is considered by this court, that the said judgment of the said circuit court be reversed and annulled, and that the cause be remanded to the said court to be proceeded in according to law.

