### HOWARD *v.* WITHAM & AL.

In an action on a note of hand given for the price of land conveyed by the plaintiff to the defendant by deed of release and quitclaim without covenants, it is not a good defence that the plaintiff represented his title to be in fee-simple, when in truth it was but an estate for life or for years;—nothing short of a *total failure* of title being in such case a sufficient defence to the action.

ASSUMPSIT upon two promissory notes. From the exceptions filed in the Court below it appeared that these notes were given

for part of the consideration-money mentioned in a certain *quit-claim* deed of lands in *Brownfield*, given by the plaintiff to *Nahum Witham* one of the defendants.   These lands were part of a tract consisting of divers lots of land which the plaintiff in the year 1810 purchased by deed of *quitclaim* from the Rev. *Jacob Rice* who was the first settled minister in *Brownfield ;* in which deed the land was described as " all the ministerial and " parsonage right of land in *Brownfield*, it being the land grant- " ed by the government of said Commonwealth to the *first set-* " *tled* minister, I mean all the right I have in consequence of my " being the first settled minister in said *Brownfield*." There were in that town certain lands reserved for the first settled minister, which were known and designated by the inhabitants as the " ministerial lands," and which Mr. *Rice* held in fee.   The lot conveyed by the plaintiff to said *Nahum*, was described in the deed as " a certain tract or parcel of land lying, &c.—being " part of the *ministerial* land, as will appear by the Rev. *Jacob* " *Rice's* deed to me dated *May* 25, 1810, bounded," &c—It was proved that the plaintiff repeatedly called this lot *ministerial* land, but sometimes called it *parsonage*, affirmed that he had a good title to it, and at the time of sale told the grantee that his title to it was good, and that he should not convey to him any land but what he owned.   It also appeared that the deed from *Rice* to the plaintiff was produced at the time of sale ; and that *Nahum Witham* the defendant entered into the land granted to him by the plaintiff's deed, and had ever since continued in the undisturbed possession of it.

The defendants offered to prove that there were other lands in the same town which were reserved for the use of the minis- ter for the time being, and which were known and designated as the *parsonage* lands ; which Mr. *Rice* had agreed to relinquish to the town, but had never executed any deed of conveyance ;— and that the plaintiff, at the time of making the deed to the de- fendant and taking the notes declared on, falsely represented and affirmed to *Nahum Witham* the grantee that the land he was then conveying to him was part of the land designated as *ministerial*, which the plaintiff held in fee, whereas in truth it was part of the glebe or *parsonage* land, in which the plaintiff had an estate only during the continuance of Mr. *Rice* in the

ministry in that town;—and that thereupon said *Nahum* received of the plaintiff his deed of quitclaim to the same, and gave the notes declared on, for the full value of a title in fee-simple to the land.

This evidence the presiding Judge in the Court below refused to admit; and a verdict being returned for the plaintiff for the amount of the notes, the defendants filed exceptions pursuant to the statute.

*Bradley* and *Greenleaf*, in support of the exceptions, argued —1st, that the notes were void, being obtained by representations known by the plaintiff to be false. *Sill v. Rood*, 15 *Johns*. 230. *Taft v. Montague*, 14 *Mass*. 282. *Bliss v. Negus*, 8 *Mass*. 46.—2d. That here was a partial failure of consideration, the notes being given for the price of an estate in fee, when in truth the plaintiff could convey at most but an estate for life. And the deed formed in itself no part of the consideration, because, being merely a quitclaim, it contains no covenants on which a remedy can be had; and so is not within the reason of *Lloyd v. Jewell*, 1 *Greenl*. 352. To this point were cited *Fowler v. Shearer*, 7 *Mass*. 22. *Phelps v. Decker*, 10 *Mass*. 279. *Sanger v. Cleaveland*, *ib*. 417. Upon either of these grounds, it was contended, the evidence offered ought not to have been rejected.

*Dana*, for the plaintiff, adverted to the fact that the grantee was still in the undisturbed possession and enjoyment of the land; and contended that he ought not to be placed, by his *quit-claim* deed, in any *better* situation than if it was a *warrantee* deed with the usual covenants. But had his deed been of the latter description he could have had no action—certainly nothing but nominal damages—so long as he remained in quiet possession of the land, and so are all the authorities. Perhaps the grantee here will never be disturbed;—and if so, it would surely be unjust to give him both the land and the purchase-money. —As to the allegation of fraud, he replied that this was negatived by the evidence in the case, especially by the fact that the plaintiff's own title-deed from *Mr. Rice* was produced at the time of the conveyance to the defendant, and was especially referred to in the latter deed.

Howard v. Witham & al.

Mellen C. J. delivered the opinion of the Court at the succeeding term in *Cumberland*, the action having been continued *nisi* for advisement.

The premises described in the deed of the plaintiff were either what were called *ministerial* lands, or in other words lands of which *Mr. Rice* had been seised in fee, and had conveyed to the plaintiff; or else *parsonage* lands, or lands of which he had been seised in right of the town and by virtue of his office, and had also conveyed to the plaintiff. It therefore appears that even if a fee simple estate was not conveyed by the plaintiff's deed, an estate during the continuance of *Mr. Rice's* ministry *was* conveyed; and we apprehend that on this ground the defence must fail.—In the case of *Fowler v. Shearer,* 7 *Mass.* 14. the facts were, that *Mrs. Fowler* undertook to convey her husband's estate, under a power of attorney from him to her; but the deed was so informally executed, that nothing of the husband's estate passed by it. The next question was, whether the deed was effectual to convey any estate which she held in *her own* right, and which also she undertook to convey by the same deed;—but the Court decided that *such* estate did not pass, because her husband did not join with her in the deed. In that case *Parsons C. J.* observed—" If the deed be not *void,* " *if any estate of the wife* passed to the defendant, the execu- " tion of it by the wife may be a *sufficient consideration* for the " note to the husband." But as *no estate whatever* passed by the deed—neither the estate of the husband nor of the wife— the note which was given for the price of the estate was decided to be destitute of consideration, and void; but it would have been holden as given on sufficient consideration, and binding, if *any estate* had passed by the deed, though much less than was intended and expected at the time, by the parties to the contract. So also in *Greenleaf v. Cook,* 2 *Wheat.* 13. which was an action on a note given by the defendant to the plaintiff for lands conveyed to him *without warranty,*—the Court decided that nothing short of a *total failure* of title could constitute a good defence to the action. On this ground we decide the cause, without discussing or deciding the other points which were taken in the argument. The exceptions are overruled, and the judgment of the Court of Common Pleas is affirmed, with additional damages and costs.