WILKES,<br>
February, 1833.<br>
<br>
The GOVER-<br>
NOR, &c.<br>
*v.*<br>
WILLIAMS and<br>
Others.

---

IN COWETA SUPERIOR COURT, APRIL, 1833.

### SILAS HINTON *vs.* GEORGE SCOTT.

THIS was an action of debt founded on notes given in the

*In an action of debt upon notes*

(*a*) See ante, page 22.

HINTON
v.
SCOTT.

given in purchase of land, defendant will not be permited to plead misrepresentations of the value and quality of the land, made by vendor—nor will the plea of partial failure of consideration avail him.

purchase of a gold lot. The defence was fraud in misrepresentation as to the real value, and a partial failure of consideration in this, to wit, that the lot was of very little or no value, as a gold lot, although represented to be a very rich one. To this, there was a demurrer raised against the plea of partial failure of consideration, and that there could be no fraud in law upon the sale of land respecting its value.

*By the Court.* A mere false assertion, as to *value*, is no ground for relief to a purchaser; because the assertion is a matter of opinion which does not imply knowledge, and in which men may differ; and this is good law in the sale of *personals.* Every person reposes at his peril in the opinion of others, when he has equal opportunity to form and exercise his own judgment. 2 Kent. Com. 381. 5 Johns. Rep. 354.

In the case of Fox *v.* Mackreth, 2 Bro. 420. it was held by Lord Thurlow, that the purchaser would not be bound in negotiating for the purchase of an estate to disclose to the seller his knowledge of the existence of a *mine* on the land, of which he knew the seller was ignorant. If the estate was purchased for a sum of which the mine formed no ingredient, he held that equity would not set aside the sale, because there was no fraud in the case. Each one relies confidently and sometimes presumptuously upon his own judgment, information and skill. While the law affords protection against fraud, it does not go to the remote length of giving indemnity against the consequences of indolence and folly. 2 Kent. Com. 380. 385. It is true as a general rule, each party is bound in every case to communicate to the other his knowledge of material facts, provided he knows the other to be ignorant of them, and they be not open and naked, or equally within the reach of his observation. In relation to value and quality of land, both parties are presumed to be equal in information. Relief may be had against a false representation as to quantity, because that is a matter to be ascertained, not from inspection and observation, but from actual admeasurement. An action of deceit lies for fraudulently selling lands represented to lie in another State, which in fact had no existence at the time, and no such lands could be found. 13 Johns. Rep. 325. 2 Cain. Rep. 193. 1 Day, 250. In the case under consideration, the fact that the lot contained gold was a matter admitted, and still seems not to be disputed. At any rate the purchaser could easily have known the contrary if it had been true. There was a speculation in view both by the seller and the purchaser. If any representations were made of its having a rich mine already discovered and existing at the time, and thereby putting the purchaser off his guard, or if the purchaser bought, disclaiming his own opinion, and relying upon the false statements of the vendor, and thereby gave a high price, *solely* on his confidence in the in-

tegrity of the vendor, and these things had been made to appear in the proper form of action at common law, or in the proper mode of relief in equity, likely the purchaser might at least have the privilege of trying his case upon its merits. But such a defence is not admissible in this case, which has been brought to recover the consideration money. 2 Kent. Com. 368.

Upon the other ground, the defence must clearly fail. A partial failure of consideration cannot be gone into, unless that part which has failed could be as clearly and distinctly ascertained in liquidated damages as the whole amount. But here the partial failure is as to the quality, not as to the quantity of acres. In the case of Greenleaf *v.* Cook, 2 Wheaton, 13, such a plea was overruled on the ground that the title to the land had *partially* failed, and that the failure must be *total.* Pleas overruled, and demurrer sustained. *Vide* 2 Cain. Rep. 183 ; 2 John. Ch. Rep. 523 ; 2 Kent. Com. 370, 371 ; 2 Starkie's Ev. 280, 281 ; 4 Sou. Ca. Eq. Rep. 53, 58.