# HILLSBOROUGH,

## JULY TERM, A. D. 1844.

### FLETCHER *v.* CHASE.

A negotiable note in the hands of one to whom it has been transferred by the payee as collateral security, is subject to any defence that might have been set up against the payee.

A partial failure of the consideration is not in general a defence to an action upon a promissory note.

The purchaser of land which is in common with other land subject to a mortgage, acquires by such purchase the right of paying off the mortgage, and of becoming by that act substituted for the purpose of his indemnity in the place of the mortgagee.

Whether such right is of any value is a question of fact; and the negative will not be presumed in favor of one who resists the payment of a note that he has given for the purchase of such land, upon the ground that it was without consideration.

ASSUMPSIT upon a promissory note dated May 30 1836, signed by the defendant, and payable to Isaac Stiles or order in equal payments, in three successive years next after its date, and by Stiles indorsed to the plaintiff.

It appeared that on the 30th day of May 1836, Stiles conveyed to the defendant a tract of land in the village of Nashua, by a deed of warranty, for which the defendant paid down the sum of eighty dollars, and gave the said note for the balance of the purchase money.

It appeared also that Stiles on the 15th day of February 1836, to secure to one Hugh Jameson the sum of $1350, executed to him a mortgage of a tract of land in Nashua much larger than that sold by Stiles to the

defendant, and including the same; and that on the 10th day of January 1838, Stiles having failed to pay the money thus secured to Jameson, he, in virtue of the mortgage and of a written permission of Stiles, entered upon the premises thus mortgaged to him, for the purpose of foreclosing the right of redemption, and remained in quiet and peaceable possession for that purpose for more than one year.

It did not appear that any notice of the entry of Jameson to foreclose was published in any newspaper. Said note was indorsed to the plaintiff and held by him as collateral security for money due to the Nashua Bank, for the payment of which he was surety; which money was afterward paid by him, and for which Stiles had given him a note at the time of said indorsement, for an amount equal to the bank note, viz., one thousand dollars.

A verdict was taken for the defendant, subject to the opinion of the court upon the foregoing facts; and judgment is to be rendered on the verdict, or the verdict set aside and a new trial granted, according as the opinion of this court may be upon the case.

*C. J. Fox*, with whom was *Farley*, for the plaintiff, contended for the rule, that where the grantor has no title at the time of his conveyance, so that nothing passed to the grantee, the note is without consideration and voidable; but that if any thing passes to the grantee by the conveyance, the incumbrance, or partial failure of consideration, can not be set up as a defence; and referred to the following cases: *Frisbee* v. *Hoffnagle*, 11 Johns. 50; *MacAllister* v. *Reab*, 4 Wend. 483; *Lattin* v. *Vail*, 17 Wend. 188; *Tillotson* v. *Grapes*, 4 N. H. 444; *Smith* v. *Sinclair*, 15 Mass. 171; *Knapp* v. *Lee*, 3 Pick. 452; *Rice* v. *Goddard*, 14 Pick. 296; *Trask* v. *Vinson*, 20 Pick. 110; *Greenleaf* v. *Cook*, 2 Wheat. 13.

But, even if the defence were admissible in a suit by

---
Fletcher v. Chase.
---

Stiles, it is not in a suit by Fletcher. Fletcher is a *bonâ fide* purchaser of the note for a valuable consideration. He took it before it was due, without any notice or knowledge of its origin. And in this contest between innocent parties, which ought to suffer — the one who has carelessly given his note, and thus led an innocent person to part with his property for it, or the party who takes it under such circumstances. 2 Hill N. Y. 301.

*James U. Parker,* for the defendant.

WOODS, J. This plaintiff is not such a *bonâ fide* holder of the note upon which the action is brought, as to preclude any defence which the defendant may set up as founded upon a want or failure of the consideration for which it was given, or any other defence in fact which might be interposed if the action were prosecuted in the name and in behalf of the original payee. The note was indorsed and transferred merely as collateral security, and as such is still held. The suit, therefore, is maintained for the benefit of him who so indorsed it, and who in the event of a recovery will be entitled to have its avails applied to the payment of his debt to the plaintiff. That a note thus holden is subject to such defence, has been too often asserted and too conclusively settled, to be deemed and treated at this time as questionable doctrine. *Williams* v. *Little,* 11 N. H. 66.

The real question which the case presents is, whether there has been a total failure of the consideration for which the note was given, or a partial failure only; for if total, the action can not be maintained, but if partial only, such failure does not constitute a defence, and the plaintiff must prevail, and the defendant be left to resort to his action upon his covenants for his indemnity; an action whose precise aim is to ascertain and award the quantum of damages sustained by the breach of the cove-

nants, and whose form enables the parties to go into a liquidation of them.

This doctrine is well settled. It is that of the case of *Chase* v. *Weston*, 12 N. H. 413, and was also held by the Supreme Court of the United States in *Greenleaf* v. *Cook*, 2 Wheat. 13. In that case Chief Justice Marshall, in delivering the opinion of the court said, " To make a good defence in any case, the failure must be total."

On the 15th day of February 1836, Stiles conveyed to Jameson in mortgage, to secure the payment of $1350, a large tract of land. On the 30th of May following he conveyed a small part of the land which he had so mortgaged to the defendant, who paid him part of the price in money, and for the remainder gave him the note in suit.

It is conceded that this sum of $1350, for which Stiles gave the mortgage to Jameson, exceeds the value of the land which he afterward conveyed, or assumed to convey, to this defendant. If, therefore, that mortgage embraced no more land than the parcel thus conveyed, the total failure of the consideration of the note might be considered as clearly made out, because, in order to obtain the land he would be obliged to remove an incumbrance greater than its value. The mere right to redeem a tract of land incumbered to a greater amount than its value, can not be assumed to be worth any thing ; and in a case like the present, in which the land itself has been attempted to be conveyed, and has formed the consideration for which the note has been given, it can not upon any sound principle be held that the promise is other than merely nude.

But this incumbrance of $1350, did not rest wholly upon the small parcel of land of which the conveyance formed the consideration of this note. It embraced, as the case states, a much larger tract than that. How much larger and of what value the case indeed does not state ;

but we are not bound by any thing that it does state, to presume that its value is less than the incumbrance that is upon it. Nor are we bound to presume any thing in relation to its value that should exonerate the defendant from the burden of proving the defence that he has set up.

It is a well settled and familiar principle, that he who acquires an interest in an estate that is subject to a mortgage or other charge, acquires at the same time the right to pay off such mortgage, or to exonerate the estate in the same manner that he would have been entitled who created the incumbrance ; and that in so doing, he becomes substituted in the place of him to whom he has paid the money, in all cases in which it is necessary for his protection that the incumbrance should be kept alive ; and he will, in all cases of making such payment, be deemed the assignee, if an assignment will better subserve the ends of justice than payment and extinction would do. This is the doctrine of *Robinson* v. *Leavitt*, 7 N. H. 100, in which the Chief Justice remarked : " The true principle, I apprehend, is that where money due on a mortgage is paid, it shall operate as a discharge of the mortgage, or in the nature of an assignment of it, substituting him who pays in the place of the mortgagee, as may best secure the purposes of justice and the rights of the parties."

The principle thus stated is fully sustained by the case of *Starr* v. *Ellis*, 6 Johns. Ch. 395, and is recognized in *Scott* v. *Hancock*, 13 Mass. 168.

Nor does it make any difference as regards the right to redeem, whether the interest of the party embraces the whole of the land which is burdened with the prior incumbrance, or only a part of it. The common case of a widow entitled to dower in an equity of redemption, is an apt illustration of this. She is entitled to pay off the whole of the mortgage, and by that payment to become substituted in the place of the mortgagee for her protection and indemnity, until the heirs shall pay their equita-

Fletcher *v.* Chase.

ole proportion, and so entitle themselves to all that is not comprehended in her claim of dower. *Gibson* v. *Crehore,* 5 Pick. 156 ; *Rossiter* v. *Cossitt,* 15 N. H. 38.

A case can not easily be proposed in which the doctrine stated would be more strictly applicable, or in which equitable considerations would more manifestly demand its application, than the present case.

The defendant purchased the land of Stiles, who gave him a deed of it with the usual covenants of seizin and warranty, and against incumbrances. It turns out that there was an incumbrance upon the land by which it must become wholly lost to him, if he has not the power of redeeming it ; which he can not do but by redeeming at the same time an additional tract comprised in the same mortgage. If he could do this in no other manner than by simply discharging and extinguishing that mortgage, then, however valuable the land not embraced in his own deed might be, he would be without any remedy, except the covenants in his deeds, for the money so paid out for the benefit of a stranger. We have no doubt that this case is one in which, by the principles of equitable substitution, the mortgage would be kept on foot for the benefit of the party who should pay it for the protection of the interest he had acquired in a part of the land mortgaged. So that the defendant took by his deed, not only the right of redeeming the land described in it, by paying off a mortgage for a sum exceeding the value of the land so described, but the right of becoming substituted by such payment to the position of the mortgagee in the whole of the land mortgaged.

What the value of the land so mortgaged was, does not appear from the case ; nor whether it was, with the incumbrance upon it, worth any thing at all. But, as has already been said, we are not called upon to presume that it was worthless. We are not to presume that Stiles had incumbered the land to the extent of its whole value

before he sold to the defendant. On the contrary, the burden is upon the defendant who interposes this answer to the action upon the note, to show that the incumbrance was so great in comparison with the value of the land, that this right of redemption and substitution was worth absolutely nothing.

It is said that the mortgage has been foreclosed, and the right of the defendant to redeem wholly lost. But it had not been foreclosed when he purchased, and if such an event has since occurred, it has been through his own negligence that he has omitted seasonably to avail himself of his rights. His position has not been materially different from the position of an owner. of an equity of redemption generally.

But, in fact there has, as against him, been no foreclosure. Whatever effect the entry of the mortgagee and his subsequent possession might have had upon the rights of Stiles, those proceedings have not impaired the rights of third persons. The publication in a newspaper was omitted, and consequently the defendant was not affected.

The verdict must be set aside and a

*New trial granted.*