DEAN, Respondent, *v.* FIRST NATIONAL BANK, Appellant.

**Evidence — Parol to Vary Written Instrument — Competency.**

> In an action of replevin against a mortgagee of an entire stock of goods, the court permitted the plaintiff to show that at the time the mortgage was given it was agreed between the parties that the plaintiff, a creditor of the mortgagors, might take from the stock a sufficient amount to pay his debt, and that it was on this condition the mortgage was given. *Held,* error.

(Argued and determined at the May Term, 1889.)

APPEAL from the district court, Lincoln county; Hon. C. S. Palmer, Judge.

This was an action in claim and delivery by Frank M. Dean, plaintiff, against the First National Bank of Canton, Dakota, defendant, to recover possession of a part of a general stock of merchandise. The only real issue in the case was the right of property. The plaintiff claimed title and the right to possession under a purchase from M. B. Dean & Co. The defendant claimed the right to possession under a chattel mortgage from the same parties. It appeared that M. B. Dean & Co., a firm at Canton,

Dakota, in October, 1885, were owing the bank, and that the bank desired to have the indebtedness secured by a chattel mortgage on the firm's stock of general merchandise. In this matter two bank officers, Gale and Gifford, acted for it, and M. B. Dean and Mrs. E. J. Dean, for the firm. The plaintiff, to prove title, was permitted to show the conditions under which he claimed the mortgage was given. On an inquiry of this character M. B. Dean testified as follows: "I finally consented to give him [Gale] a mortgage and it was agreed between us that the plaintiff, Frank M. Dean, should take goods enough out of the stock to pay his claim. This arrangement to pay plaintiff with goods was suggested by Mr. Gale and Mr. Gifford, and Frank M. Dean was to move sufficient of the goods to pay his claim as soon as possible, and on the goods remaining the bank was to have a mortgage. At the last conversation in the evening, after supper, on October 23, 1885, when Mrs. E. J. Dean was present, Mr. Gale explained the matter as above stated and the arrangement was completed and mortgage given to the bank upon the conditions and agreements above stated. And it was further agreed that the mortgage to the bank was not to be put on record until October 26, 1885, after the exemptions and goods Frank M. Dean was to have were removed. We in conversation arranged on the suggestion of the bank to give a bill of sale to Frank M. Dean for the goods he was to receive; and in the last conversation, Mr. Gale told us to be sure and have Frank's part of the goods separated from the rest, and removed the next morning."

Mrs. E. J. Dean testified as follows: "We were to give a mortgage, leaving out Frank M. Dean's goods and our exemption goods; the mortgage was to cover the rest of the goods after those were taken out; the mortgage was there ready for us to sign. This conversation was just prior to the act of signing."

The defendant objected to all of this testimony on the ground that it tended to qualify and contradict the terms of the mortgage. The objection was overruled and the defendant excepted.

The plaintiff put in evidence a bill of sale from M. B. Dean & Co., for the goods in controversy. It was dated October 24, 1885. The defendant's mortgage was upon the entire stock, and contained no reservations or conditions with reference to goods to pay

the plaintiff's debt. The mortgage was dated the 23d of October, 1885, and was given to secure a note that matured the next day. It was filed for record the morning of the 24th, and the bank took possession of the entire stock of goods that day.

A verdict was rendered in favor of the plaintiff. After the denial of a motion for a new trial and the entry of final judgment, the defendant appealed.

*R. B. Tripp,* for appellant.

The court erred in permitting proof of the alleged parol conditions, reservations and negotiations. M. B. Dean & Co. could not, in this way, contradict the terms of this mortgage, neither can the plaintiff, who claims under them. 2 Whart. Ev. (3d ed.), § 1051; Brenner v. Luth, 28 Kan. 581; Thompson v. McKee, 5 Dak. 172, 37 N. W. Rep. 367; Bank v. Dunn, 6 Pet. 51; Best v. Bank, 101 U. S. 93; Beers v. Beers, 22 Mich. 42; Spence v. Bowen, 41 id. 149; Brewster v. Patruff, 20 N. W. Rep. 823; Osborn v. Hendrickson, 7 Cal. 282; Feusier v. Sneath, 3 Nev. 120; Krewson v. Pardom, 16 Pac. Rep. 480; Hindman v. Edgar, 17 id. 862; Snyder v. County, 8 id. 917; Child v. Wells, 13 Pick. 121; Clark v. Houghton, 12 Gray, 38; Wright v. Smith, 16 id. 499; Lincoln v. Parsons, 1 Allen, 388; Dodge v. Nicholl, 5 id. 548; Colt v. Cone, 107 Mass. 285; Stowell v. Buswell, 135 id. 340; Drake v. Starks, 45 Conn. 96; Jarvis v. Palmer, 11 Paige, 650; Dunn v. Hewitt, 2 Denio, 637; Pierpont v. Barnard, 5 Barb. 364; Wintermute v. Light, 46 id. 278; Howlett v. Howlett, 56 id. 467; Baltes v. Ripp, 3 Keyes, 210; Mott v. Richtmyer, 57 N. Y. 49; Carton v. Vineland, 33 N. J. Eq. 466; Caldwell v. Fulton, 31 Pa. St. 475; Miller v. Smith, 33 id. 386; Heebner v. Worrall, 38 id. 376; 44 id. 392; Lloyd v. Farrell, 48 id. 73; Watsontown C. M. Co. v. Elensport L. Co., 99 id. 605; Doe v. Swails, 3 Ind. 329; Cincinnati, U. & F. W. R. Co. v. Pearce, 27 id. 502; Hostetter v. Auman, 20 N. E. Rep. 506; Farrar v. Hinch, 20 Ill. 647; McCloskey v. McCormick, 37 id. 66; Orton v. Harvey, 23 Wis. 99; Knox v. Clifford, 37 id. 651; Hei v. Heller, 10 N. W. Rep. 620; Isett v. Lucas, 17 Ia. 503; Van Evera v. Davis, 51 id. 637; Taylor v. Trulock, 8 N. W. Rep. 306; Van Vechten v. Smith, 13 id. 94; Hutton v. Maines, 28 id. 9; Tatman v. Barrett, 3 Houst.

(Del.) 226; Broughton v. Caffer, 18 Gratt. 184; Moody v. Mc-Cown, 39 Ala. 386; Mayoe v. Briggs, 3 Head (Tenn.), 36; Aldrich v. Hapgood, 39 Vt. 617; Harrell v. Durrance, 9 Fla. 490; Meekins v. Newberry, 7 S. E. Rep. 655; Barnett v. Barnett, 2 id. 733; Dyar v. Walton, 7 id. 220; Madison & I. P. R. Co. v. Stevens, 6 Ind. 379; Warren v. Crew, 22 Ia. 315; Wemple v. Knopf, 15 Minn. 355; Harrison v. Morrison, 40 N. W. Rep. 66; Cocks v. Barker, 49 N. Y. 107; Holzworth v. Koch, 26 Ohio St. 33.

*Coughran & McMartin,* for respondent.

The testimony objected to shows the sale to have been made before the mortgage; its lien, therefore, never attached to the plaintiff's goods, as the mortgagors at the time of executing the mortgage had no title. It was under these conditions the mortgage was obtained. In view of this, and the circumstances showing a fraud on the part of the bank, the whole transaction was open for parol proof, notwithstanding the terms of the mortgage. The first inquiry is, is there a document to construe? It is always permissible to show that it was conditional. Whart. Ev., § 927. Appellant's citations are cases between the parties, or those claiming under the same instrument. Here the claim is in hostility to the instrument. Plaintiff is a stranger thereto; in such case the rule contended for has no application. Whart. Ev., §§ 920, 923, 1041, 1065, 1078, 1088; Stephen, Art. 90; 1 Gr., §§ 189, 279; Abb. T. Ev., pp. 7, 294; Woodman v. Eastman, 10 N. H. 359; Edgerly v. Emerson, 23 id. 555; Furbush v. Goodwin, 25 id. 425; Thomas v. Truscott, 53 Barb. 200; Barreda v. Silsbee, 21 How. 169; Washburn & M. Co. v. Chicago, etc., Co., 109 Ill. 71; Smith v. Moynihan, 44 Cal. 64; Hassman v. Wilke, 50 id. 250; McMartin v. Ins. Co., 55 N. Y. 234; Carver v. Jackson, 4 Pet. 1; Bigelow, Est. (4th ed.) 333.

By the COURT:

This case is reversed for the reason that the court allowed evidence to be given as to what the statements and negotiations of the parties to the chattel mortgage were at the time of its execution and which materially altered and varied the terms of the instrument. All concur except AIKENS, J., not sitting.