## WASHABAUGH V. HALL.

1. In an action for damages for the violation of a written instrument whose terms and legal effect are those of an agreement, the defendant cannot show by parol evidence, in the absence of fraud, mistake, or accident, that the writing was not intended to be an agreement, or to bind him as appeared upon its face.

2. A guardian of a minor ward has in general no authority to sell the ward's real estate, unless authorized by a competent court.

3. Nor has such guardian, under our statute, authority to sell at will the personal estate of his ward.

4. The unauthorized sale by such guardian of either the real or personal estate of the ward does not convey a good title to the purchaser.

5. Where A. deposits with B. $500 cash and his note for $500, at four months, to be in payment for a piece of land, if B. shall perfect the title thereof in himself within 60 days, otherwise to be returned to A., a renewal by A. of his note is not necessarily a waiver of his right to such return, if, at the maturity of the renewal note, the title is not thus perfected.

(Syllabus by the court. Opinion filed August 19, 1893.)

Appeal from circuit court, Pennington county. Hon. WILLIAM GARDNER, Judge.

Action by Frank J. Washabaugh against Herbert S. Hall, to recover the sum of $500 paid by plaintiff to defendant. Plaintiff had judgment, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Schrader & Lewis*, for appellant.

It was error for the court to refuse to allow the defendant to show by parol evidence that Hall acted in all matters as the agent of the plaintiff and under his instruction and held the interest in the land as trustee. If Hall, as the agent of the plaintiff, made an error in judgment it was the plaintiff's loss, and if he failed to follow positive instructions the action would be for damages. Ewell's Evans Agency, Sec. 309; Rutledge v. Worthington, 119 N. Y. 593; Briggs v. Hilton, 99 N. Y. 517; Chapin v. Dobson,

78 N. Y. 74; Van Brunt v. Day, 81 N. Y. 25; Sec. 3562, Comp. Laws, So. Dak.

Action for return of the money paid for real estate in any case could be had only for complete failure of the title and not for partial failure.   Greenleaf v. Cooks, 2 Wheat. 172; Vibbard v. Johnson, 19 Johns 77; Redick v. Milcher, 2d So. 698; Fowler v. Shearer, 7 Mass. 22; Wadsworth v. Nevin, 64 Ia 64.

Plaintiff by waiting several years for a possible rise in real estate, and renewing his first note at the bank, ratified the acts of defendant, and waived his right, if any, to rescind and bring suit for the money paid.   Keys v. Mann, 63 Ia. 560; Bigelow Est. 661–662; Greenleaf v. Cooke, 2 Wheat. 13; Comp. Laws, Secs. 3523, 3524, 3591, 3973.

G. C. Moody and J. W. Fowler, for respondent.

KELLAM, J.   This action was brought to recover the $500 paid by respondent to appellant referred to in a writing, whose execution and delivery are conceded, and reading as follows: Exhibit B.   Rapid City, Dakota, December 30, 1885.   Received of Frank J. Washabaugh the sum of $500 cash, and his promissory note for the sum of $500, bearing even date herewith, and drawing interest at the rate of ten per cent per annum, which said note and cash are in full payment for a one-sixteenth interest in and to the southeast quarter of section 25, township 2, north range 7, east B. H. M., provided Herbert S. Hall, to whom the cash is paid and note delivered, shall perfect title to the same above described land in himself, within sixty days from the date hereof; otherwise to be refunded to the said F. J. Washabaugh. H. S. Hall." Plaintiff had judgment, and defendant appeals.

Upon the trial it was sufficiently shown that much more than the 60 days mentioned in the writing had elapsed; that appellant had not perfected title in himself, as we shall presently see; and that respondent had demanded a return of the $500 paid, which was refused.   In his defense, appellant pleaded,

and on the trial made an effort to show, that, in receiving said money, and in securing the title to said land, or trying to do so, he was acting as the agent of respondent and others, with no understanding on the part of either that he was assuming any independent obligation to procure such title, or any understanding that it would be a good title when so procured; so that if, acting in good faith and upon his best judgment, he procured the best title he could obtain, though not a perfect one, he had discharged his duty as agent, and the loss should fall upon the principal, and not upon him, the agent. The exclusion of such evidence is the first ground of error assigned. We think the trial court was right. Appellant by executing and respondent by accepting this writing had agreed to it as correctly defining their relations to each other. It was not ambiguous in meaning, nor was there any claim that it was given or obtained through mistake, accident, or fraud. The legal effect was that of an agreement executed on the part of one, executory on the part of the other. The contest was between the very parties to it. To allow it to be shown on the trial that it was not intended to be, and was not in fact, what it purported to be, would violate one of the first and most elementary rules of evidence. Sections 3553, 3554, Comp. Laws; Dean v. Bank, 6 Dak. 222, 50 N. W. Rep. 831; Thompson v. McKee, 5 Dak. 172, 37 N. W. Rep. 367; Van Brunt v. Day, 81 N. Y. 251.

Appellant contends, however, that the evidence presented by him showed that he had perfected title in himself, and that, therefore, respondent could not reclaim the money paid. The whole tract consisted of 160 acres. It appears that, at the time of the payment of this money and the execution of the writing, the title of this land was still in the United States government; that after a patent for one 80 of the same was issued to "J. Carlos Stevens, minor orphan child of Silas B. Stevens, deceased;" that prior to the issuance of said patent, one Eliza A. Center, describing herself as "guardian of J. Carlos Stevens, minor orphan child of Silas B. Stevens, de-

ceased, had made a power of attorney authorizing the attorney therein named "to sell said lands or any interest therein, and to make any contract in relation thereto which I [she] might make if present;" the land so referred to being the 80 afterwards patented as above stated to the minor orphan, J. Carlos Stevens. Under the authority of this power, the attorney named, prior to the issuance of the patent therefor, executed a conveyance in the name of said Eliza A. Center, as guardian, of "all her estate, right, title, and interest, claim, property, and demand of, in and to" the said land to one Whitfield who had already by warranty deed conveyed the same to said appellant Hall. Did the title thus acquired by Hall substantially meet the condition upon which the deposit of $500 by respondent was to become a payment on the purchase of the land? That is, was the title thus perfected in Hall? It is noticeable that, in the conveyance to Whitfield, Eliza A. Center, although she describes herself as the guardian of J. Carlos Stevens, who was the real owner, does not assume to convey his interest but her own. In terms, at least, it is her interest in the property, and not her ward's, which she undertakes to convey; but, passing this, as guardian she had no authority to sell her ward's real estate, unless so directed by a competent court. No such authority was shown, and none claimed. Without it the deed was inoperative as a conveyance of real estate. This is both statutory and common law. Section 6009 *et seq.*, Comp. Laws; 9 Amer. & Eng. Enc. Law, p. 130, and cases cited.

It is contended, however, that the claim of the minor was personal property, and could be sold and transferred by the guardian, and in respect to the character of the property this contention is supported by Mullen v. Wine, 26 Fed. Rep. 206, and Webster v. Luther (Minn.) 52 N. W. Rep. 271, but this does not avoid the difficulty in this jurisdiction. Considered as an attempted sale of the personal property, the transaction would be controlled in its legal effect by the statute of this state, unless it was shown that it took place elsewhere, and it

does not so appear from the record. Assuming that Eliza A.
Center was the duly appointed guardian of J. Carlos Stevens,
she had no authority, simply because she was such guardian,
to dispose of the personal estate of her ward. Our statute pro-
vides when and how the personal property of a minor may be
sold by the guardian, and there was no attempt to bring this
case within such statutory conditions, or to show the circum-
stances under which the sale was made. To hold this a good
and valid transfer would be to hold that any guardian, simply
by virtue of his relation to his ward, is authorized at will to sell
and dispose of the personal estate of such ward. We cannot so
hold under our statute. See sections of the compiled laws last
above cited. We are very clear that, upon the facts disclosed,
the trial court was right in holding that appellant had not per-
fected in himself title to this land.

It was in evidence that respondent had renewed his four
months note referred to in the writing above set out, and ap-
pellant claims that this was a ratification of his acts in taking
the title which he did take, and a waiver of respondent's right
to demand a return of the money paid. This does not neces-
sarily follow. The note was due, and was apparently in the
hands of the Black Hills National Bank. It must either be
paid or renewed, or its return demanded, and the land pur-
chased abandoned by respondent. His renewal under these
circumstances—and nothing more is shown—is quite consistent
with his willingness to allow appellant further time in which to
procure a satisfactory title, leaving the $500 paid to appellant,
and respondent's relation to it, in *statu quo*. The reasons for
the renewal, or the circumstances under which it was made, are
not disclosed by the record, and we cannot assume that more
was intended than the simple fact necessarily means.

It is next contended that this action for the return of the
$500 could not be maintained on account of a partial failure of
title, but that it must be complete to entitle respondent to a
return. To support this proposition cases are cited, like

Greenleaf v. Cook, 2 Wheat. 13, holding that where a promissory note is given for the purchase of real estate, and the transaction executed by receipt by the grantee of a deed therefor, a partial failure of consideration, such as the existence of an incumbrance, does not constitute any defense to the note in an action at law. Without referring to the many cases in which the law has been held otherwise, it is sufficient to say that this is not such a case. Here the respondent paid the money to appellant, and appellant received it upon the express condition that, if he did not perfect the title in himself to the land described within the time limited, he should refund the money so paid to respondent. To say that he might retain the money if he perfected in himself the title to one half the land would require the court to destroy the agreement the parties had made, and substitute another in its place. Upon the record presented to us, we think respondent was entitled to a substantial compliance with the condition of appellant's agreement, or a return of the money. The judgment is affirmed, all the judges concurring.