WHEELER v. McFERRON.

[52 Pac. 993]

Personal Property — Building.— It is error to nonsuit plaintiff in an action for conversion of a building upon the ground that his evidence shows the building to be real and not personal property, where the defendant claims the building by virtue of a levy upon it as personal property under attachment, and the evidence merely shows that it was erected by one person upon land of another under an agreement giving the former the right to remove it.

From Linn: Geo. H. Burnett, Judge.

Action by A. Wheeler, as a general assignee, against J. A. McFerron, wherein he was defeated but appealed.

Reversed.

For appellant there was a brief and an oral argument by Mr. H. C. Watson.

For respondent there was an oral argument by Mr. James K. Weatherford, with a brief over the names of Weatherford & Wyatt.

Mr. Justice Bean delivered the opinion.

This is an action to recover damages for the alleged wrongful conversion by the defendant of a certain building. The complaint, after averring that the Blaker-Graham Company was and now is a corporation doing business in Portland, alleges that on or about the eleventh day of September, 1895, it was the owner and in posses-

sion of a certain building in the town of Shedds, Linn
County, of the value of $700, used as a warehouse for the
storage of hay, and known as "Blaker-Graham Com-
pany's Warehouse," and that the defendant wrongfully
and unlawfully seized and took possession thereof, and
converted the same to his own use, and has ever since
wholly deprived the Blaker-Graham Company and this
plaintiff of the use and possession thereof; that on Sep-
tember 26, 1895, the Blaker-Graham Company, being in-
solvent, made an assignment of all its property for the
benefit of its creditors to the plaintiff, who, on the eighth
of October following, demanded of the defendant, but
was refused, possession of the warehouse in question.
The answer denies, in substance, all the material allega-
tions of the complaint; and, for a separate defense and
by way of justification, avers that the defendant was at
all the times mentioned the sheriff of Linn County, and
that the warehouse in question was the property of one
A. Blaker; that by virtue of a writ of attachment, issued
out of the Circuit Court of Multnomah County, in an ac-
tion brought by A. C. Olin against Blaker, the defendant,
as such sheriff, attached the said warehouse "as the per-
sonal property" of Blaker, since which time "he has held
and now holds" the same "under and by virtue of the
said writ of attachment so issued as aforesaid, and not
otherwise." The reply put in issue the material allega-
tions of the answer. At the trial the plaintiff was non-
suited, on the ground that his evidence showed the build-
ing in question to be real and not personal property, and,
therefore, the action could not be maintained for its con-
version, and this ruling presents the only question on
this appeal.

That a building may be personal property, for which
an action of replevin or trover will lie, is undisputed,
and both the complaint and answer in this case were evi-

dently framed on the theory that the building in question is of that character. The complaint is in the form usual in such actions, and the defendant justifies his seizure and possession by virtue of a writ of attachment levied as in cases of personal property. Unless, therefore, the evidence shows the parties to have been mistaken in this regard, the court is bound to sustain the action. The only evidence bearing on this question is the testimony of Blaker, who says that: "I am the president of the Blaker-Graham Company. The warehouse belonged to me before the formation of the corporation. After the corporation was formed, we transferred this house to it in 1893. The corporation was in possession of the warehouse from that time until the time that it was attached. The warehouse was built by me, and adjoined an old building which was built before I got possession of it by Davis Brothers. This was erected in 1883, upon land that belonged to the Southern Pacific Company by their permission for the purpose of using it as a warehouse. Davis Brothers had a lease from the railroad company, and I purchased their right under the lease, but this lease had expired long before the attachment. The lease was not transferred to me, because it was not transferable. About the time I bought out Davis Brothers I had a conversation with Mr. Koehler, the manager of the Southern Pacific Company's lines in Oregon, and he told me to go on and use the ground as Davis Brothers had done under their lease, and when I got ready he would give me a lease. I had full control of the warehouse up to the time I transferred it to the Blaker-Graham Company, and the right to use the ground around it, but it was the same right as other persons had to use the ground on the outside. There was no objection to the use of the ground by other persons and the general public, so far as I know. I had the right to move the house. I knew that Davis

Brothers had a lease of the ground on which the old house was situated from the railroad company."

In our opinion, this evidence is not so inconsistent with or contradictory of the theory upon which the pleadings were framed as to justify the court in taking the case from the jury. There is no showing as to the size of the building, its means of annexation to the freehold, or the terms of the agreement under which it was constructed on the property of the railroad company, except that the witness says he had a right to move it. The case made is simply one in which a building was erected by one party upon land belonging to another under some kind of an agreement by the terms of which he has a right to remove it, and this showing will not sustain a ruling, under the pleadings in the case, that it is real property : *Curtiss* v. *Hoyt*, 19 Conn. 154 (48 Am. Dec. 149) ; *Ashmun* v. *Williams*, 8 Pick. 402 ; *Rogers* v. *Woodbury*, 15 Pick 156. Prima facie, all buildings belong to the owner of the land upon which they are erected, as part of the realty ; but it is perfectly competent for him to agree with the owner of such buildings that they shall remain personal property, and it is said this agreement will be implied "where the erections are made by one having no estate in the land, and hence no interest in enhancing its value, by the permission or license of the owner, * * * and in the absence of any other facts or circumstances tending to show a different intention :" *Michigan National Bank* v. *Stanton*, 55 Minn. 211 (43 Am. St. Rep. 491, 56 N. W. 82). Whether the building in question is in fact real or personal property we do not undertake to determine, because there are not sufficient facts in the record to enable us to do so ; but we simply hold that it was error for the trial court to so rule upon the facts before it, in view of the theory upon which the parties to the action had theretofore proceeded, and the

further fact that such ruling was in effect a denial to either party of any interest in the property. It will be observed that the answer not only alleges that this building was attached as the personal property of Blaker, but that it belonged to him, while the evidence shows that the land upon which it was situated belongs to another. This allegation throws much light upon the inferences to be drawn from the meager testimony in reference to the matter. The contest in this case is not between the owner of the land and a claimant of a building, but between two persons who have heretofore treated the subject-matter of the controversy as personal property, and neither of whom have any interest therein, so far as the record discloses, unless it is such property. It follows from these views that the judgment of the court below must be reversed, and the cause remanded for a new trial.

REVERSED.