Van Ness, J.,
delivered the opinion of the court. The deed in this case was to be given on the first of March, 1814, when the plaintiff was to make the first payment, and to execute his bond and mortgage for the balance. On that day, he paid twelve hundred dollars, pursuant to the contract; and he also discharged the interest upon the balance on the first days of March, 1815, and 1816; and on the third of March, 181T, when the' second instalment.had become due, he paid the further sum of five hundred dollars. The plaintiff also took possession of the property, with the consent of the vendors, soon after the contract was made, and has continued in possession ever since; and while he was so in possession, he removed a nursery, and some buildings on the premises, to another place.
The question now is, whether, or not, under such circumstances, the plaintiff is at liberty to abandon the contract, and can recover back his money, by this action ? J think he cannot. In giving my opinion in this case, I confine myself to the facts which characterisept; because, in this class of suits, every case depends so much upon its own peculiar facts and circumstances, that it is unsafe to lay down any general principles. All the cases which have been cited in support of this action, are distinguishable from this case. That of Judson v. Wass, (11 Johns. Rep. 525.) which was very much pressed upon us, *461 was a suit by the vendor to recover the money for which the land had been sold, and was decided upon principles not at all applicable to this case. The purchaser there embraced the first opportunity that was offered to disaffirm the contract. The plaintiff in this case was bound to make a stand when his first payment fell due, and if the defendants were not then in a situation v> convey to him a good title to the land, exonerated ft or,: tir mortgage to Jewitt, and every other incumbrance upon it, he might, at that time, have put an end to the contract; and if any payments had been previously made, he could have recovered them back. Instead of this, with full knowledge of the mortgage, and without demanding a conveyance, but, on the contrary, agreeing to postpone the execution of it, he made his payments, as they, from time to time, fell due, down to 1817, when he paid five hundred dollars more. In addition to this, he entered into possession, removed a nursery, and some buildings, and treated the property in every respect as his own. During this period, also, he made a proposition to pay the defendants the whole consideration, by assigning to them a bond and mortgage. After such a series of acts in affirmance of the contract, I think, at law, there is an end to the privilege of rescinding it, and of the right to recover back the money voluntarily paid upon it.
The case of Hunt v. Silk, (5 East, 449.) is very like the present, and in point; and I fully accede to the doctrine there laid down. The plaintiff, here, cannot put the defendants in statu quo, in consequence of his own acts; and to allow him, at this distance of time, to say that he will not take the land, but will have his money back again, would be going further than any case has yet gone, and is neither required by sound policy, nor any principles of justice. If the plaintiff may now rescind the contract, I see no reason why he may not do it ten years hence, and after he has paid all the money, provided Jewitt should not, in the meantime, have foreclosed his mortgage. If the land had been actually sold under that mortgage before this suit was commenced, the case would have been materially different; for then the defendants would not have been able to give any title at all.
This is a proper case for a court of equity, where perfect justice can be done to both parties.(a) Unless Jewitt has fore *462 closed his mortgage, the plaintiff has no remedy at law. The court of chancery can compel the defendants to give a good title, and if they are not able to do so, that court would order theta to refund the money they have received, deducting such sum for the use of the land and the deterioration of it by the plaintiff, if it be deteriorated by him, as would be just and reasonable. The defendants are entitled to judgment, pursuant to a stipulation in the case, for the sum of 895 dollars and ~24 cents.
Judgment for the defendants.

 Vide v. Johns. Chan, Rep. 132, 274. 357. 370.

 4 Johns. Rep. 240. 2 East, 469. 1 Mass. cTs' %\ 1 £ip‘