Per Curiam.

The evidence reported will not maintain the action on either of the first two counts. There was no express warranty respecting the quality of the article. Neither can the plaintiff recover on his count for money * had and received. If he would have rescinded the contract, and so have entitled himself to a return of the money paid, it was necessary that he put the defendant in the same situation he was in before the delivery of the article. This was settled in the case of Kimball vs. Cunningham; and although the principal subject of the contract, in the present case, may be presumed, from the evidence reported, to have been absolutely of no value, and so the returning of it would have been but an idle act, yet the casks were of some value, and should have been restored, if the plaintiff would treat the sale as a nullity, and demand his money as paid without consider- , ation.
We think, however, that an action may be framed, in which the plaintiff may recover, on the evidence reported. He may therefore file a new declaration, on which a trial may be had ; but he cannot have his costs arising prior to the present time (a)

 Vide Gray vs. Cox, 4 B. & C. 108. — Jones vs. Bright, 4 Camp. N. P. 144. —4 Kent, Com. 479, 480, 2d ed.