RICHARD R. KEENE, PLAINTIFF IN ERROR V. THE HEIRS OF DANIEL
CLARK.

A writ of error was prosecuted to the supreme court of Louisiana, under the twen-
ty-fifth section of the judiciary act of 1787, to revise the judgment of that court.
The cause was dismissed, as it did not appear that any question was presented in
the court below within the purview of the act; the case having been decided upon
a collateral matter, independent of, and wholly aside from any such question.

IN error to the supreme court of the state of Louisiana.

This case was submitted to the court on the record, by Mr Brent,
for the plaintiff in error.

Afterward, Coxe, for the defendant, gave to the court the follow-
ing statement, in support of a motion to dismiss the suit for want of
jurisdiction.

This suit was instituted to recover 10,000 dollars, with interest.
This was the alleged consideration money paid by Keene, for the
conveyance of a tract of land described in the record. The ground
of the claim is the covenant of warranty contained in the deed ; and
the eviction of the plaintiff by a paramount title, viz. that of the
United States.

The only evidence of this eviction was, that the United States
caused a survey to be made of this, among other lands.

The district court of the state decided that this survey did not
amount to an eviction.

This judgment was affirmed in the supreme court.

The present writ of error is directed to the supreme court of Loui-
siana, by virtue of the twenty-fifth section of the judicial act of 1789.

The defendants in error submit that the decision of the supreme
court of Louisiana—that the matter proved, viz. the mere fact that
the officers of the United States had surveyed the land in question,
does not amount to an eviction ; is not a decision against any claim,
title or exemption, under the constitution, treaties or laws of the
United States, or in any way within the provisions of the judicial act.

Mr Justice Story delivered the opinion of the Court.

This is a writ of error to the supreme court of Louisiana, brought here under the twenty-fifth section of the judiciary act of 1789, ch. 20, to revise the judgment of that court.

The suit was originally brought by the plaintiff in error, in the state district court, against the defendants in error, as heirs and representatives of Daniel Clark, to recover the purchase money and interest for a certain tract of land situate near Baton Rouge, between the rivers Perdido and Mississippi, east and west, and the thirty-first degree of north latitude, and the river Iberville, north and south; which Clark sold to the plaintiff in error, in 1807, for 10,000 dollars. The petition states, that Clark derived his title thereto from or through a grant of the same, from the Spanish government, after the treaty of St Ildefonso, in the year 1800, by which it was ceded to France by Spain; and that France afterwards, in 1803, ceded it to the United States as a part of Louisiana; and that in virtue thereof, the United States acquired a just title thereto, and under the acts of congress, have entire possession of the same; and the petitioner refers to certain accompanying documents, marked No. 1 and 2, to prove the sale to him, and the occupation and possession of the United States. The defendants in error pleaded the general issue; and judgment was given in the state district court for them. The plaintiff in error then carried the same, by appeal, to the supreme court of Louisiana: and the only point that appears there to have been raised or decided was, whether the plaintiff in error had been evicted from the land or not. According to the practice in Louisiana, the opinion of the supreme court is stated on the record. After reciting the state of the pleadings, it proceeds as follows : " the plaintiff contends, he showed an eviction, as the evidence establishes, that the whole land along the stream, on which the premises are situated, from its source to its mouth, was surveyed by order of the United States. It does not appear to us that the district court erred. It is true, the surveyors must have necessarily passed near the plaintiff's land in effecting the survey. It does not appear to us that it was occupied, or that any person on it was thereby disturbed." And then, after adverting to the case of Bessy v. Pintade, the court added : " the present case differs from that in this, that here the United States have directed an act of ownership over a vast tract of country, some small part of which may well be supposed to have been lawfully possessed and even owned by indi-

[Keene v. Clark.]

viduals. This does not appear to us to amount to a denial of title of any of these individuals; much less an eviction in this particular case."

This is the whole of the opinion of the court, from which it is apparent, that the judgment did not turn upon any question within the purview of the twenty-fifth section of the judiciary act of 1789, ch. 20; but wholly upon a collateral matter, independent of and wholly aside from any such question. It was merely a decision that a public survey, under the authority of the United States, of a large tract of country, including the premises, was not, per se, an eviction of the plaintiff in error.

Upon the grounds, therefore, of the doctrine already stated by this court, at this term, in the case of Crowell v. Randel, the cause must be dismissed for want of jurisdiction.