The Court
(nem. con.) overruled the objection and permitted the evidence to go to the jury.
The plaintiff then offered in evidence a letter from him to the defendants, stating that he had received a deed for the lot; and also offered to read the deed to the jury to show them that it was not a deed from the bank; but from the president of the bank under his private seal, and therefore conveyed nothing.
Mr. Coxe, for the defendants, objected to the reading of the deed to the jury in evidence, but the Court (nem. con.) overruled the objection, and suffered the evidence to go to the jury.
Mr. Coxe, for the defendants, then prayed the Court to instruct the jury that upon the whole evidence the plaintiff was not entitled to recover.
He contended that the plaintiff having, in his letter of the 17th *438 of December, 1835, admitted that he had “ received the deed accordingly,” that is, according to the agreement, could not, in this action, deny its validity. The agreement was executed.
As to the second count; upon the eviction. There is no evidence of any lawful eviction by the Patriotic Bank.
Thruston and Morsell, J., here stopped Mr. Coxe upon that point.
As to the third count; the defect of title.. The agreement is only to convey in fee-simple, that is to convey in fee-simple all the right which the bank had. The agreement is not for a conveyance in fee-simple. The terms of the agreement cannot be extended at law ; the plaintiff’s remedy is in equity alone.
As to the fourth count. The plaintiff cannot recover on this count for money had and received, because the consideration has not entirely failed. The plaintiff has had the use and occupation for a period of seven or eight years.
Mr. Bradley, contra. The agreement is to convey the lot in fee-simple; this means a good title. The paper, which the plaintiff received, and which, in his letter, he calls a deed, is no deed from the bank, and would be good for nothing, even if the bank had had a title. It is under the private seal of the president of the bank only.
If the defendants had no good title the plaintiff was not bound to demand a conveyance, nor to tender a deed to be executed. The deed of trust to Elgar was outstanding, and all the debts secured thereby were unpaid.
The plaintiff’s possession was no bar to the plaintiff’s right to recover if the defendants can be placed in as good a condition as they were in before that possession. Clute v. Robinson, 2 Johns. 595; Robb v. Montgomery, 20 Johns. 15; Greely v. Kevers, 9 Johns. 126; McCarthy v. Woolen Factory, 14 Johns. 453; Sugden, 178, 179, 202, 206, 214, 243, 244, 283; Hamilton v. Cutts, 4 Mass. 349; Conner v. Henderson, 15 Mass. 319.
Mr. Coxe in reply. No case has been cited in which an action for money had and received, has been maintained, to recover back the purchase-money, after a deed had been given and received. The cases cited are all special actions upon all the circumstances of the case. A conveyance in fee of such title as the bank had, was a good compliance with the contract. The bank was not bound to give a title free from incumbrance. In the cases cited the contract was for a good title, or a good deed, or a good conveyance. A mortgage is no breach of the covenant of seizin. The entry of Dyson, the cashier of the Patriotic Bank, was no dis-seisin; the plaintiff still remained in possession. The lot was vacant and unimproved, 2 Saund. on Pleading, 613; Keene v. *439 Clark, 10 Peters, 291. The action for money had and received cannot be maintained for the purchase-money, unless the consideration has entirely failed. Greenleaf v. Cook, 2 Wheat. 13; Caswell v. Black River, 14 Johns. 457; Conner v. Henderson, 15 Mass. 319.
The Court (Morsell, J., contra,) refused to give the instruction prayed by Mr. Coxe, that the plaintiff could riot recover upon the whole evidence.
Morsell, J.,
thought that Mr. Elgar’s trust was not an outstanding incumbrance, because twelve years had elapsed between the judgment against Lane’s administrator in 1823, and the sale on the 21st of December, 1835, and therefore the plaintiff could not recover without tender of a deed to be executed by the bank.
Thruston, J.,
thought the plaintiff might recover upon the general equity and justice of the ease.
Cranch, C. J.,
thought the outstanding title in Mr. Elgar, at the time of the contract, and at the time of the payment of the purchase-money, dispensed with the obligation of the plaintiff to tender a deed to be executed, as he was not bound to accept a defective title.
Verdict for the plaintiff, $1,191.25, with interest from the 9th of November, 1827. Bills of exception were taken by both parties.
Affirmed by the Supreme Court of the United States. 14 Peters, 19.