## Cyrus Miner *versus* Robert M. Bradley.

If several chattels are sold together, for one gross sum, which is paid by the vendee, and a part of them is delivered, but the vendor refuses to deliver the rest, the vendee cannot, if he retain such as were delivered, recover back any portion of the purchase money, in an action for money paid, or money had and received; but his remedy is upon the special contract, for damages.

Morton J. drew up the opinion of the Court. This action, in which the plaintiff declares for money had and received and money paid, was brought to recover back the price paid for a quantity of hay. The cause was tried in the Court of Common Pleas. The facts upon which the plaintiff claimed to recover were as follows. The defendant, among other things, put up at auction a certain cow and 400 pounds of hay, which was then in a bay with other hay. The plaintiff bid off the cow and the hay for $17, which he paid at the time. He then received the cow, and afterwards demanded the hay, which was refused by the defendant, who had used it. The defendant objected to the plaintiff's recovery, on the ground that this was an entire contract; that the plaintiff could not recover back the price paid, or any portion of it, without rescinding the whole contract, and that this could not be done without returning the cow. But the court overruled the objection, and instructed the jury, that upon the foregoing facts, if proved, the plaintiff was entitled to recover a sum equal to the value of the hay.

*April term 1839, in Franklin*

Upon the above statement, there can be no doubt, that in a proper form of action, the plaintiff might recover for the injury sustained by him, by the defendant's refusal to deliver the hay. But whether this action can be maintained, is the question now distinctly presented for our determination. It is to be regretted, that the plaintiff's claim must be decided upon mere matters of form, without regard to its merits. But still, with all the laxity in pleading which the liberality of the legislature and the courts has introduced into modern practice, some regard must be had to established usages and forms. We cannot break down the well known distinctions between different modes of declaring, without endangering the principles of jus-

tice upon which they are founded. Had the plaintiff declared upon his contract for the purchase of the cow and the hay, he might have tried his case upon its merits. But having adopted a different form of action, he must rely upon different principles for its support.

The general rules of law upon which this case mainly depends, are well settled and familiar. This action is adapted to the repetition of all money paid by mistake or misapprehension of facts, or upon a contract for the purchase of property, either real or personal, where the consideration fails. If nothing passes, the purchaser may rescind the contract and recover back the money paid, and is not obliged to resort to any covenant or warranty, either express or implied. Wherever a contract is rescinded according to the original terms of it, the purchaser may well recover the price as money had and received to his use. *Towers* v. *Barrett*, 1 T. R. 133. So where a contract is defeated by the negligence or misconduct of one party, the other may have his election either to rescind the contract and recover back the purchase money, or to enforce it, and recover damages for its breach. *Giles* v. *Edwards*, 7 T. R. 181. But if a party would rescind a contract, he must do it *in toto*. He cannot disclaim it in part and enforce it in part. So, also, the party rescinding must place the other party *in statu quo*. If this cannot be done, the contract cannot be rescinded. Hence if the contract be in any part executed, it cannot be discarded. 1 Dane's Abr. 177, 187 ; 4 Dane's Abr. 471 ; *Hunt* v. *Silk*, 5 East, 449 ; *Kimball* v. *Cunningham*, 4 Mass. R. 502 ; *Conner* v. *Henderson*, 15 Mass. R. 319.

To apply these principles, which the plaintiff himself does not controvert, to the case at bar. When the defendant refused to deliver the hay, it was such a violation of the contract on his part, as would have justified the plaintiff in rescinding it. And, had he done so, he would have been entitled to a return of the money which he had paid. This, however, he could only do by restoring the defendant to the situation he was in before the contract, viz. by returning the cow. But if he chose to retain her, his only remedy would be upon the special contract for damages for the conversion of the hay.

This would have been peculiarly adapted to his case, and would have done exact justice between the parties. The damage which the plaintiff sustained by the defendant's breach of his contract might be more or less than the value of the hay or the price which might be supposed to be paid for it; and he would recover according to the injury suffered by him.

Again, as the cow and the hay were bought together for one gross sum, there are no means of ascertaining how much was intended for one, and how much for the other. Indeed it is not probable that the parties fixed any definite price to the articles separately. If so, it might not have been the same; and as there was no interchange of opinions, there could not be that agreement of two minds which constitutes a contract. There being, therefore, no price agreed upon and paid for the hay, none could be recovered back. The value of the hay, which would be differently estimated by different individuals, certain ly could not be deemed the measure of the price. In this action only the exact amount of the money paid can be recovered back. The plaintiff argues, that this contract may be severed, either with or without the consent of the parties, so that it may be enforced as to part and rejected as to another part. Here is nothing tending to show any agreement to divide the contract, as it applies to the two subjects. So far from it, that the defendant denies that the hay ever was included in the contract.

There may be cases, where a legal contract of sale covering several articles may be severed, so that the purchaser may hold some of the articles purchased, and, not receiving others, may recover back the price paid for them. Where a number of articles are bought at the same time, and a separate price agreed upon for each, although they are all included in one instrument of conveyance, yet the contract, for sufficient cause, may be rescinded as to part, and the price paid recovered back, and may be enforced as to the residue. But this cannot properly be said to be an exception to the rule; because in effect, there is a separate contract for each separate article. This subject is well explained, and the law well stated, in *Johnson v. Johnson*, 3 Bos. & Pul. 162. In that case the plaintiff purchased two parcels of real estate, the one for £700, the other for £300, and took one conveyance of both. But the title to

Miner
v.
Bradley.

the latter was invalid, and he brought his action to recover back the consideration paid for it, and prevailed. Lord *Alvanley*, in giving the judgment of the court, said, " My difficulty has been how far the agreement is to be considered as one contract, for the purchase of both sets of premises, and how far the party can recover so much as he has paid by way of consideration for the part of which the title has failed, and retain the other part of the bargain." " If the question were, how far the part of which the title has failed, formed an essential ingredient of the bargain, the grossest injustice would ensue if a party were suffered to say that he would retain all of which the title was good, and recover a proportionable part of the purchase money for the rest. Possibly the part which he retains, might not have been sold unless the other part had been taken at the same time, and ought not to be valued in proportion to its extent, but according to the various circumstances connected with it." " In this case, however, no such question arises ; for it appears to me, although both pieces of ground were bargained for at the same time, we must consider the bargain as consisting of two distinct contracts ; and that the one part was sold for £ 300, and the other for £ 700."

Had the plaintiff bid off the cow at one price and the hay at another, although he had taken one bill of sale for both, it would have come within the principles of the above case. But such was not the fact. And it seems to us very clear, that the contract was entire ; that it was incapable of severance ; that it could not be enforced in part and rescinded in part ; and that it could not be rescinded without placing the parties *in statu quo.*

We think some confusion has been thrown over this contract by likening it to a promissory note, which may be enforced in part, though the consideration fail as to the residue. This subject was fully discussed in *Parish v. Stone*, 14 Pick. 198. The principles there laid down, which we recognize as sound, do not, in any degree, clash with the doctrine above stated. The cases are dissimilar. The object of the one was to determine, whether a contract defective in part might be enforced as far as it was valid, and how far it was to be deemed valid ; of the other, to determine in what cases and to what extent a

Miner<br>
<i>v.</i><br>
Bradley.

contract may be rescinded and the consideration recovered back.

On the whole, we are of opinion that the instructions of the learned judge of the Court of Common Pleas were incorrect, and that a new trial must be granted. The case is remitted for that purpose.

<i>Sept. 27th,</i><br>
1838.

On the argument, *Huntington* and *Aikin*, for the defendant, cited 3 Stark. on Evid. 1614 ; *Weston* v. *Downes*, 1 Dougl. 23 ; *Towers* v. *Barrett*, 1 T. R. 133 ; 1 Dane's Abr. 177, 187 ; 4 Dane's Abr. 471 ; *M'Neven* v. *Livingston*, 17 Johns R. 437 ; *Conner* v. *Henderson*, 15 Mass. R. 319 ; *Kimball* v. *Cunningham*, 4 Mass. R. 502 ; *Hunt* v. *Silk*, 5 East, 449 ; Vin. Abr. *Apportionment*, *A. pl.* 11, 12 ; *Ibid, Contract*, *E. pl.* 18, *F. pl.* 1, 2, 3 ; Noy's Maxims, 89; *Plymouth* v. *Throgmorton*, 1 Salk. 65 ; 2 Saund. on Pl. and Evid. 671 ; 1 Chitty on Pl. 342 ; 2 Com. on Contr. 56, 75, 81 ; *Giles* v. *Edwards*, 7 T. R. 181 ; *Cooke* v. *Munstone*, 4 Bos. & Pul. 351 ; 2 Evans's Pothier, (Appendix,) 45.

*Wells*, *Alvord* and *Davis*, for the plaintiff, cited *Johnson* v. *Johnson*, 3 Bos. & Pul. 162 ; *Perkins* v. *Hart*, 11 Wheaton, 237 ; *Parish* v. *Stone*, 14 Pick. 198 ; *Pulsifer* v. *Hotchkiss*, 12 Connect. R. 234.