MOSES DORR *vs.* WALDO A. FISHER.

Where an article is sold, with a warranty, or a representation amounting to a warranty, as to its quality; and, in an action by the seller to recover the price, the buyer relies upon a breach of the warranty, or the falsity of the representation, to reduce the amount of his liability; the burden of proof is on him to show, that the quality of the article does not correspond with the warranty or representation.

THIS action, which was brought to recover the price of two tubs of butter, came before the court on exceptions (only one of which was now insisted on), taken by the defendant to the rulings of *Colby*, J., before whom the cause was tried in the court of common pleas.

The plaintiff having been allowed, against objection on the part of the defendant, to prove his claim as a book account, the defendant then introduced evidence, from which the following facts appeared. In November, 1845, the plaintiff offered several kegs of butter to the defendant for sale. On examining the butter (two or three kegs only), the defendant told the plaintiff that he had been smoking, and was therefore unable to decide whether it was good or not, but that he wanted it of a first rate quality. The plaintiff then said, that he called the butter first rate, and the defendant replied, that if it was good, the plaintiff might leave him two tubs. The two tubs were left, in the course of the day, at the defendant's store, where they remained for about a week, when the plaintiff came to the store, and some conversation ensued relative to the butter. The plaintiff was there again some time afterwards (the witnesses did not state when or how long afterwards), and requested that the butter should be put into the cellar.

The principal question was, whether the butter was of a good quality, and much evidence upon this point was introduced on both sides.

The defendant contended, that the butter was sold under a warranty that it was of the best quality, and that the burden of proof was on the plaintiff to prove that it was of such a quality. But the presiding judge instructed the jury, that if the butter were sold with a warranty as to quality, or with a representation amounting to a warranty, the burden of proof was on the defendant to show, that it was not equal to the warranty or representation. The jury returned a verdict against the defendant, who thereupon filed exceptions.

*T. Wentworth,* for the defendant.

*T. Willey,* for the plaintiff.

SHAW, C. J. This cause has been argued, on the part ot the defendant, as if the suit were brought upon an open, unexecuted contract for the purchase of goods; whereas the declaration is in indebitatus assumpsit for goods sold and delivered. To maintain this action, it is not necessary to set out the contract of sale, with its conditions and limitations; it is enough to prove an agreement for a sale of the goods, at a fixed price in money, or without a price, (in which case, the law implies an agreement to pay so much as they are worth,) and an actual delivery, whereby a debt arises. A delivery by the vendor implies an acceptance by the vendee. An offer, by the vendor, not accepted by the vendee, may be a good tender, and a good performance on his part, but it is not a delivery. If there are conditions annexed to the agreement of sale, respecting the quality, or other circumstances, which are not complied with by the vendor, the vendee should decline to accept the goods; but, if he does accept them, the acceptance is a waiver. And, so, in an indebitatus assumpsit, for goods sold and delivered, the plaintiff must prove a delivery, or he will fail in the action. And this is not confined to the case of an implied assumpsit, on a *quantum valebat;* if the sale be made by an express contract, not under seal, and the goods are actually delivered, it is sufficient to allege that the defendant is indebted to the plaintiff for goods sold and delivered, and the law implies a promise to pay. No matter, therefore, what may have been the terms and con-

ditions, under which goods are sold and delivered; if nothing remain but the obligation to pay for them, this is a debt, the existence of which supports the allegation of being indebted, and supersedes the necessity of setting out specially such terms and conditions.

"Where goods have been sold and actually delivered to the defendant, though under a special agreement, it is in general sufficient to declare on the indebitatus count, provided the contract were to pay in money, and the credit be expired." 1 Chit. Plead. 338.

This is not a mere technical rule of pleading, but a sound rule of law and justice, growing out of the nature of a sale. Were it otherwise, and were the plaintiff, after a delivery of goods on a contract of sale, bound to prove the terms and conditions of such sale, and to prove affirmatively that he had complied with those conditions, on his part, the result would be, that the vendee, having accepted the goods, as and for the goods contracted for, and without offering to return them, or giving notice to the vendor, to come and take them back, might hold and retain the goods, without paying any thing for them. The vendor could not recover them back in an action, because he has delivered them to the vendee, in pursuance of a contract, as his own.

It is asked, then, has the vendee no remedy against the vendor, after delivery, if the vendee fails to derive the benefits, expected and stipulated for on the sale? Certainly not. If he has been deceived, as to the title, quality, or character of the thing purchased, he may rescind the contract, restore or tender back the goods, and recover back the purchase money; or he may be secured by a warranty on the sale. The law, on the sale of personal property, implies a warranty of good title, so that if the vendee be deprived of his purchase by a paramount title, he has a remedy on his warranty. Or he may take an express warranty, as to the quality, condition, value, age, origin, or other circumstances respecting the thing sold. But a warranty is a separate, independent, collateral stipulation, on the part of the vendor, with the vendee. for which

the sale is the consideration, for the existence or truth of some fact, relating to the thing sold.   It is not strictly a condition, for it neither suspends nor defeats the completion of the sale, the vesting of the thing sold in the vendee, nor the right to the purchase money in the vendor.   And, notwithstanding such warranty, or any breach of it, the vendee may hold the goods, and have a remedy for his damages by action.

But, to avoid circuity of action, a warranty may be treated as a condition subsequent, at the election of the vendee, who may, upon a breach thereof, rescind the contract, and recover back the amount of his purchase money, as in case of fraud. But, if he does this, he must first return the property sold, or do every thing in his power requisite to a complete restoration of the property to the vendor, and, without this, he cannot recover.   *Conner* v. *Henderson*, 15 Mass. 319 ; *Kimball* v. *Cunningham*, 4 Mass. 502 ; *Perley* v. *Balch*, 23 Pick. 283. Such a restoration of the goods, and of all other benefits derived from the sale, is a direct condition, without a compliance with which, the vendee cannot rescind the contract, and recover back the money or other property, paid or delivered on the contract.

But his other remedy is by an action on the warranty, or contract of the vendor, on which, if there be a breach, he will recover damages to the amount of the loss sustained by the breach, whatever that may be.   If it be a warranty of the quality of goods, and the breach alleged is, that the goods delivered were inferior to the goods stipulated for, the damage will ordinarily be the difference in value between the one and the other.   Such an action affirms instead of disaffirming the contract of sale, leaves the property in the vendee, and gives damages for the breach of such separate, collateral contract of warranty.

This remedy is so familiar, that it scarcely requires to be supported and explained by authorities.   But it naturally requires an action to be brought by the vendee against the vendor, which, if the vendor is at the same time sung for the price, is a cross action.

But the general tendency of modern judicial decisions has been, to avoid circuity and multiplicity of actions, by allowing matters growing out of the same transaction to be given in evidence by way of defence, instead of requiring a cross action, when it can be done without a violation of principle, or great inconvenience in practice.

And it has lately been decided, in this court, after consideration and upon a review of the authorities, that, when a cross action will lie for a deceit in the sale of a chattel, the deceit may be given in evidence in reduction of the damages, in a suit for the purchase money. *Harrington* v. *Stratton*, 22 Pick. 510. And the principles, which govern that case, are precisely applicable to the case, where a cross action will lie to recover damages on a breach of warranty on a sale, and the same may be given in evidence, and a like amount deducted from the purchase money, in assessing damages in a suit by the vendor for the price. *Poulton* v. *Lattimore*, 9 B. & Cr. 259; *Perley* v. *Balch*, 23 Pick. 283.

It appears by the report in the present case, that these are the principles on which the trial of the action proceeded. The plaintiff must first have proved a sale and delivery of the two tubs of butter. Some objection was made to the plaintiff's account book; but it was not alluded to in the argument. Indeed, the other proof tends to show, that the defendant agreed to take the two tubs of butter, and directed the plaintiff to leave them at his store, which the plaintiff did the same day. No offer was made afterwards to return the butter. No notice was given to the defendant to take it away. This was evidence, from which a jury might well infer a sale and delivery. The only way, then, in which the defendant could avail himself of proof of warranty of quality, and a breach of it, was in obtaining a reduction of damages, by way of set-off, in nature of a cross action, and as a substitute therefor. Had the defendant brought his action, it is quite clear, that the burden of proof would have been on him to prove such warranty and breach, and the damage sustained by it. The burden was on him in the same manner, when

he resorted to this line of defence, as a substitute for a cross action.   We are of opinion, therefore, that the direction of the judge was strictly correct, that if the article was sold to the defendant with a warranty as to its quality, or with a representation amounting to a warranty, the burden of proof was on the defendant, to show that it was not equal to the warranty.

*Exceptions overruled and judgment on the verdict.*