Penny v. Cameron.

PENNY v. CAMERON et al.

Where a party, having it in his power, cancels a contract or declares it void, he should restore the other party to his former right, by repayment of money or return of property received on such contract; and in failing to do so, he is liable to an action without a previous demand.

ERROR, to Des Moines District Court.

This was an action commenced before a justice of the peace to recover the value of a sleigh. Judgment having been rendered against the defendant, the case was taken to the district court by appeal. The questions raised in the court below sufficiently appear in the opinion of the court.

*M. D. Browning*, for the plaintiff in error.

*David Rorer*, for the defendant.

*Opinion by* HASTINGS, C. J. It appears from the bill of exceptions that Penny sold the defendant a sleigh, estimated at $45; that Cameron agreed to deed to Penny in a day or two a lot in Burlington; and that Penny assumed the payment of a debt of Cameron's of fifty dollars due one Owen. That Owen, some time after, called upon Penny for payment, and Penny refused, for the reason that Cameron had not deeded the lot. Defendant took possession of the sleigh.

The court below instructed the jury that plaintiff could not recover the value of the sleigh without proving a demand on defendant, and decided that the whole contract was void.

It is not contended but that the contract was canceled and void; so that the court did not err in instructing the jury that the contract was void under the statute of frauds. Although the contract was *ipso facto* void, the plaintiff, Penny, has suffered an injury in the loss of a sleigh, accruing from the contract entered into by the parties, and the liabilities of the defendant would depend upon the question who was in the wrong.

Penny *v.* Cameron.

It was in Cameron's power to perform the contract on his part, and compel Penny to perform by deeding to him the lot and demanding the payment of the $50 to Owen, or to force Penny into a mutual abandonment of the contract.  Cameron should have tendered back the sleigh, or have made the deed, and demanded the payment of $50.  He could not keep the sleigh and refuse the deed.  It was his duty, while it was in his power, to declare the whole contract void—to restore Penny to his original rights.

It seems to be well settled, that when it is in the power of either party to a contract to cancel the same or declare it void, if he do so, he should restore the other party to his former rights by repayment of money, if money had been paid, or by return of property, if property has been delivered.  *Griffith* v. *Frederick Co. Bank,* 6 Gill and John. 424; *Connor* v. *Henderson,* 15 Mass. 319.

Cameron agreed to deed the lot in a day or two; he should have done so, or immediately have returned the sleigh in as good condition as he received it.  The execution of the deed was an act precedent to the payment of the $50 to Owen.  So it appears from the statement of Penny to Owen.  The original contract then being void, and first repudiated by Cameron's neglect to make the deed, or rendering any good reason therefor, and defendant having obtained possession of the sleigh, and neglecting to return the same, or refusing so to do; the law will raise an implied liability against the defendant to pay for the sleigh as much as it was worth, and the plaintiff can recover on the *quantum valebat* compensation accordingly.

A demand under such circumstances as the record presents was unnecessary, and therefore the court erred in the first instruction as given.

Judgment reversed.