## WHITE v. WOOD.

1. Where a contract for the sale of land, on which a part of the purchase money has been paid, is afterwards rescinded, by mutual consent, in the absence of any agreement to the contrary, the law implies a promise on the part of the vendor to refund to the vendee, the money thus received by him. · An express promise to refund is not necessary.

Error to the Circuit Court of Marion.    Before the Hon. S. Chapman.

ACTION of assumpsit, for money had and received, by plaintiff, against defendant in error.   By the bill of exceptions, it appears, that Wood had sold to White a tract of land, at the price of $700, of which the latter paid $150 in cash.   That the contract was subsequently rescinded by mutual consent; and that during a conversation on the subject of the rescission, between plaintiff, one Moss, acting as the agent of defendant, and Standifer, who had previously sold and conveyed the land to defendant, but the purchase money of which had not been paid by defendant to Standifer, Standifer remarked, that he ought to have $50 of the $150, that plaintiff had paid to defendant, and that then defendant would make a clear gain of $100, to which plaintiff assented.   This conversation occurred before the rescission of the contract; defendant was not present at the time, and there was no evidence of the agency of Moss.   It was proved, that at the time of the rescission, nothing was said about the $150.

The court charged the jury, that the plaintiff could not recover, unless they found from the evidence, that the defendant had promised the plaintiff, to repay the said sum of $150; and that there must be, either an express promise to pay, or facts from which they could infer a promise, or understanding to pay.   To this charge the plaintiff excepted, and now assigns it as error.

White v. Wood.

Earnest & Wilcox, for plaintiff in error.
No counsel for defendant.

CHILTON, J.—The plaintiff in error, having paid Wood $150, in part performance of his agreement to pay him $700, for the land, was entitled, upon their mutual agreement to rescind the contract, to have the amount paid, refunded him, unless he waived his right in some way in the negotiation. The proof shows, that when the contract was rescinded by the parties, nothing was said about the amount paid by the plaintiff to the defendant.

The rule is, that when contracts are rescinded, in the absence of a controlling agreement, the parties are to be restored to their former rights, and placed in the same situation they occupied before the agreement was made. Conner v. Henderson, 15 Mass. Rep. 319; Griffith v. Fred. Co. Bank, 6 Gill & Johns. 424; Pharr & Beck v. Batchelor, 3 Ala. R. 237; Griggs v. Woodruff et al., 14 Ala. Rep. 9. In the case before us, there was some proof adduced of previous conversation between the plaintiff, and the agent of the defendant, representing the $150 paid, from which the jury might infer, in the absence of countervailing proof, that the plaintiff consented to abandon his right to recover back the money he had paid; but this proof was for the jury to weigh, and the court could not give it such effect, as to require the plaintiff to prove a subsequent express contract to repay, on the part of the defendant.

If, as we have said, the parties, in rescinding the contract, made no agreement respecting the amount theretofore paid, in part performance of it by the plaintiff, the law implies a promise on the part of the defendant, to refund it. If however, the jury should come to the conclusion, that the previous negotiation between the agent of the defendant and the plaintiff, and Standifer, that the defendant should execute his note to Standifer for $50, and that he should retain the $100 as profits, entered into and formed part of the contract of rescission, then the plaintiff is not entitled to recover. This is clearly the law, as applicable to the case, and the charge of the court denying the plaintiff's right to recover, unless he had shown an express promise on the part of the

defendant to repay the $150, is in conflict with it. It was not incumbent on the plaintiff to prove an express promise to refund, by either positive or circumstantial testimony, as the charge assumes.

Let the judgment be reversed, and the cause be remanded.