## NASON v. WOODWARD.

1. RESCISSION OF CONTRACT. Upon the rescission of an entire contract for the sale of real estate by the mutual and voluntary consent of the parties, the law implies, in the absence of any agreement to the contrary, a promise on the part of the vendor to refund to the vendee the money, or the value of the property, received upon such contract. But such promise is not

implied from an agreement to rescind the bond and notes which yet remain executory.

2. EVIDENCE: ADMISSIBILITY OF EVIDENCE. The court below did not err in refusing to admit evidence which tended to show that it was improbable that the plaintiff would have made a different contract from the one set out in his own evidence, when his evidence as to the terms of such contract had not been controverted by the adverse party.

*Appeal from Scott District Court.*

WEDNESDAY, APRIL 27.

ON the 19th of April, 1856, defendant sold the plaintiff a certain tract of land, giving his bond for a conveyance, to be made upon the conditions therein contained. In part payment for the land, plaintiff conveyed to the defendant certain lots in the city of Davenport, and for the balance of the purchase-money executed his notes due in two and three years. Plaintiff paid interest on these notes to the amount of thirty-eight dollars. In 1859, according to plaintiff's claim, this contract was rescinded, plaintiff delivering the bond and defendant surrendering the notes. There was no reconveyance of the city lots, and in October, 1862, this action was instituted to recover their value, as also the interest paid on the notes. The other material facts appear from the opinion. Plaintiff appeals.

*D. B. Nash* for the appellant.

*Putnam & Rogers* for the appellee.

WRIGHT, C. J.—Plaintiff claims that the contract for the purchase of the land was abandoned and rescinded by the assent of the parties; and that he is entitled to recover whatever he had paid thereon, including the value of the city lots. Defendant, on the other hand, insists that the contract of sale was not rescinded *in toto*, but that the parties agreed that defendant should surrender the notes, and

plaintiff the bond, and that defendant was to be released from any obligation to convey the land, and that this agreement was fully executed.

The errors assigned relate principally to the action of the Court, in giving and refusing certain instructions. The following instruction asked by plaintiff, will sufficiently indicate his view of the law, applicable to the case made by the testimony : "If the bond and notes in question were rescinded by the consent of the parties, and the contract for the purchase of said lands thereby. became abandoned, the defendant would be liable to refund to plaintiff the money and the value of the lots (if defendant had incapacitated himself to reconvey the same), unless the jury believe, from the evidence, that the parties, at the time of the rescission and abandonment, made an *express* agreement that defendant should be discharged from all obligation to refund said money, or make such a reconveyance, or to pay the value of the same; and that the burden of proof is on the defendant to establish such agreement."

This and other instructions embodying the same principle were refused, and instead thereof the following were given :

"The rights of the parties depend upon the real contract, agreement or understanding, at the time of the alleged rescission in the fall of 1859. Plaintiff claims that the agreement was to rescind the prior contract *in toto*. If this is true, then defendant would be liable, if no agreement or understanding to the contrary was made, to restore to plaintiff what he had before received on the contract, or the value of it with interest, and plaintiff could recover. But if there was an agreement or understanding that he was not to be liable for what he had before received, then he would not be liable therefor.

"On the other hand, the defendant claims that he made no agreement to rescind the contract *in toto*, but that he only agreed to release the plaintiff from future perform-

ance, that is from any obligation to pay any more of the purchase-money due under the bond; and that in consideration thereof plaintiff agreed to surrender, and did surrender to the defendant, all obligations to convey the land, and relieve him from any obligation to account for the lots and interest money. If you find that the only agreement or understanding was, that the defendant should surrender to plaintiff his notes, and plaintiff should give up the bond for a conveyance, and that this agreement was carried into execution, the law would, on this state of facts, impose no obligation on defendant to return to plaintiff what he had previously paid, and plaintiff could not recover."

It will be readily perceived that any real or apparent difference in these several instructions, arise from the different views of the actual agreement or understanding of the parties at the time of the alleged rescission. *If the contract* was rescinded by the mutual and voluntary consent of the parties, the law implies, in the absence of any agreement to the contrary, a promise on the part of the vendor (the defendant), to refund to the plaintiff (the vendee) the money or the value of the property received upon such contract. An express agreement is not necessary, but each party is to be restored to his former rights, and placed in the situation they severally occupied before the original contract or agreement was made. *White* v. *Wood*, 15 Ala., 358; *Connor* v. *Henderson*, 15 Mass., 319; *Bolter* v. *The Bank*, 3 Comst., 88. And this was the law in substance, as stated in the first part of the instruction given by the Court above quoted. If it be claimed that the instructions asked and refused are but the statement of the same rule, then there was no error, for it was given, though in a different form, and the Court was not bound to repeat it. *Moffitt* v. *Cressler*, 8 Iowa, 122. The instruction refused, however, asserts that the defendant would be liable, unless

at the time of the rescission there was an *express* agreement that he should be discharged from his obligation to refund and reconvey. Now, it is true that an *express* agreement is not necessary (where there has been an entire rescission) to fix defendant's liability, but it does not follow from this rule that he would be liable, unless there was a like agreement discharging him from his obligation. The true inquiry in such cases is, what was the real contract. If there was an entire rescission by mutual assent, and no further agreement or understanding, defendant would be liable. But such further agreement or understanding need not necessarily be *express*, in order to relieve defendant from liability. Not only so, but it will be observed that the instruction asked, speaks of the rescission of the "bond and notes," and of the abandonment thereby of the "contract" for the purchase of the land, whereas there is a manifest distinction between the contract, which embraces the part executed, as well as that which remained unexecuted, and the bond and notes, which are but a part of the entire agreement or transaction. There might, legally and reasonably, be an agreement to surrender these instruments, and still no understanding that the entire agreement should be rescinded. And it seems to us this distinction was well and properly recognized in the instructions given, and that a failure on the part of plaintiff to thus treat the case, has led him to an erroneous view of the law applicable thereto. What was the real contract was left to the jury to determine. Under the instruction they must have found that the defendant's theory, as to the agreement was the correct one, and, under the testimony, we cannot say they reached a wrong conclusion. The only testimony upon the subject was that of plaintiff. And taking the transaction as he states it, the fair inference is, that defendant expressly advised plaintiff, at the time, that he would not, and did not intend to, pay any-

thing, or do more than surrender the notes and receive his outstanding bond. The verdict was fully sustained by the evidence.

II. But plaintiff proposed to prove that after his purchase of the land he entered into the possession, and made, before the alleged rescission, large and valuable improvements thereon. This testimony was rejected, and such rejection is now assigned as error. The admissibility or rejection of evidence very often depends upon the actual facts or circumstances developed at the time it is offered. In this instance, it was offered after both parties had closed their testimony. The plaintiff alone testified to the circumstances attending the rescission. The verdict being for the defendant, the facts proposed to be established, could only be material as tending to show the probable agreement, or the improbability, that plaintiff would surrender, without compensation, the value of all such improvements; for, of course, if the verdict upon the main issue is correct, no question could be made as to the right to recover for the labor bestowed, or improvements made upon the land. And, as tending to show the agreement, under the circumstances, it was equally inadmissible. There was no conflict in the testimony. Plaintiff was allowed to state his own version of the transaction, and was in no manner contradicted. The true inquiry was, what was the contract, or what liability devolved upon defendant, according to plaintiff's own showing. The agreement, in all its parts, was thus established, and the jury had nothing to do with what it ought to have been, nor with what contract plaintiff would be likely to make. They had to determine what defendant impliedly or expressly agreed to do, and not what plaintiff would have probably required of him.

It only remains for us to remark, that we have examined carefully the case of *White* v. *Wood*, 15 Ala., 358; *Gillett* v. *Maynard*, 5 Johns., 85; *Howard* v. *The W. & S. Railroad*

*Company*, 1 Gill, 311; and other authorities cited by appellant's counsel, and that we find nothing in them in conflict with the views above expressed. Satisfied, as we are, that the Court presented the law correctly to the jury, and did not err in rejecting the offered evidence, and over-ruling the motion for a new trial, we conclude that the judgment should be

Affirmed.