ABRAHAM L. CUTLER & al. *versus* JOHN H. GILBRETH.

The fact that the article delivered is not in quality what was contracted for, will not excuse the vendee from taking the necessary steps to rescind the sale.

A party who would rescind a sale must use proper diligence.

By R. S., c. 82, § 47, a demand originally payable to the defendant in his own right, founded on a judgment or contract, express or implied, for the price of real or personal estate sold, for money paid or had and received, for services done, for a liquidated sum, or for one ascertainable by calculation, may be set off.

If, on account of his own laches in not rescinding a sale, the vendee cannot maintain a count for money paid or had and received for the article delivered, he cannot, under the above statute, set off the claim against the vendor's suit growing out of a distinct transaction.

ON REPORT from *Nisi Prius*, DANFORTH, J., presiding. ASSUMPSIT on account annexed.

The facts sufficiently appear in the opinion.

*J. S. Abbott*, for the plaintiffs.

*Tenney*, for the defendant.

BARROWS, J. — By the defendant's admission, with which the report is prefaced, the plaintiffs are entitled to judgment for the amount of the account annexed and interest thereon from the date of the writ, unless the defendant's claim filed in set-off, or some portion thereof, ought to be allowed. The account in set-off is for a certain sum of money, which the defendant asserts to have been received from him by the plaintiffs without consideration, and it may properly be filed in set-off if the defendant could maintain an action for money had and received therefor against the plaintiffs, upon the facts proved. They are as follows : —

Nov. 3, 1862, defendant, having previously dealt with plaintiffs, wrote to them inquiring their prices for certain kinds of goods enumerated, among which was machinery coal oil. Nov. 5, plaintiff replied, giving among other quotations the price of " machinery coal oil *best*" as 65 cents

cash. Nov. 7, defendant ordered, with quite a number of other articles of merchandise in various quantities, three barrels of best machinery coal oil at 65 c., proposing, if plaintiffs would make a discount of 5 per cent. from the price named, to take five barrels. Nov. 11, the goods were forwarded from Boston, where plaintiffs reside, and, among them, five barrels purporting to contain the oil. Prior to the 16th of Nov., the goods were received by defendant at Kendall's Mills, as was also a bill of them containing the following notice :—" All claims for damages or deductions must be made within five days from receipt of goods." Before the end of January, 1863, several letters had passed between the parties, and defendant had paid for the five barrels and their contents, as charged in the bill, and the other goods ordered at the same time, *without complaint*, and, on January 29, he wrote to plaintiffs for further quotations of prices, and among the articles enumerated is machinery coal oil. January 31, plaintiffs replied, naming 50 cents as the price. Under the same date, January 31, defendant writes to plaintiffs * * * "I requested you to send the price of machinery coal oil, as I wanted to know whether I had saved anything by a rise. I had quite a lot on hand when I bought the five barrels of you, and have just got ready to draw off one barrel of that I bought of you, and find it not of the "best" quality, and I want you to send me some that is, and have this returned to you at your own expense." He further alleges that the oil he had formerly bought was " first rate" for all purposes, "for machine shops, mills, threshing machines, and even sewing machines," and he proposes to receive three barrels of such oil as he has formerly bought of them and exchange two for some other goods in their line. This appears to be the first intimation given to plaintiffs that defendant was dissatisfied. They replied, under date of February 4, declining to accede to his propositions, informing him that the oil was bought expressly for him, and that after such a lapse of time they could not return it to their vendor.

Cutler *v.* Gilbreth.

The five barrels and their contents still remain at Kendall's Mills, and, in Sept., 1864, defendant took a portion of their contents and sent it to Portland to be analyzed by a chemist, and now contends, upon the chemist's testimony, that the article furnished cannot properly be styled machinery coal oil, but is in fact still bottoms, or dregs produced in the distillation of petroleum, and of comparatively little value as an article of merchandise, and there is a preponderance of testimony that such is the fact.   Very manifestly the article was *not* the *best* machinery coal oil, although, whatever may be suspected, there is no evidence from which we are authorized to conclude that the plaintiffs knew it was not a good lubricating coal oil, suitable for the market for which they supposed it designed, and for heavy machinery.   It is plainly a case where the defendant, but for his own laches, might have rescinded the contract.   His counsel contends that, the article not being what was contracted for, he is excused from taking those steps which were necessary to rescind a contract, — that there was no contract to rescind. We cannot assent.   The fact that it was not what the contract called for is the foundation of the right to rescind, and the difference between the article contracted for and that which was furnished is not so great here as in *Conner* v. *Henderson*, 15 Mass., 319, where the party, receiving a worthless mixture of sand and stones in place of the lime he contracted for, was held not to be entitled to maintain an action for money had and received, because he did not seasonably return the casks.   The defendant here has done nothing to entitle him to treat the contract as rescinded. *Norton* v. *Young*, 3 Greenl., 30.

We are not disposed to relax the rule requiring proper diligence of the party who would rescind a contract.   Whether the defendant might maintain upon the facts disclosed an action for damages is not a question before us.   Not being in a condition to maintain a count for money had and received or money paid, his claim against the plaintiffs is not

such as can be offset under R. S., c. 82 §, 47, against the plaintiff's suit growing out of a distinct transaction.

*Judgment for plaintiffs.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.