## Case No. 3,127.

### CONRAD et al. v. DATER et al.

[2 Biss. 342;[1] 4 Am. Law T. 42.]

Circuit Court, E. D. Wisconsin. June, 1870.

#### PURCHASE BY SAMPLE.

1. A purchaser on a warranty by sample is not bound to receive goods which do not correspond with the sample, and can recover the money paid for the same.

2. The fact that he has received the goods and paid the freight on them does not estop him, if he had no previous opportunity to examine them and ascertain their quality. By immediately notifying the vendor that he refuses to accept the goods, he becomes entitled to a return of the money paid.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

3. He can also recover the freight money on the ground that it was paid before he had an opportunity of knowing whether the article delivered was of the quality represented.

4. Such a contract of purchase is executory, and there is no legal way by which a man can be compelled to accept that which he had not agreed to buy.

5. He is not bound to receive the goods and then sue the vendor upon his warranty.

On the 18th of May, 1868, the plaintiffs, who were merchants of Janesville, Wisconsin, purchased in New York, of the defendants, who were wholesale merchants in that city, four hogsheads of prime St. Croix sugar, at fourteen cents a pound, as by sample shown. The sugar was shipped in the usual way by defendants, and arrived at Janesville, on the 3d of June, 1868, and was carted to the plaintiffs' store, and, before the sugar was inspected or examined, the freight, amounting to $47.50, was paid by them. On examination subsequently the sugar proved to be of a different kind and quality from the sample. At the time of the contract of purchase, the plaintiffs paid the value of the sugar, amounting to $740.40. As soon as the quality of the sugar was ascertained, the plaintiffs notified the defendants that they would not accept it, and that it was subject to their order. This action was brought for money had and received and money paid out and expended.

John Winans. for plaintiffs.

Conger & Sloan, for defendants, cited Payne v. Whale, 7 East, 274; Thornton v. Wynn, 12 Wheat. [25 U. S.] 189–193; Voorhees v. Earl, 2 Hill, 288.

Before DRUMMOND, Circuit Judge, and MILLER, District Judge.

DRUMMOND, Circuit Judge. The sugar being a different article from what the plaintiffs had purchased, they had the right to decide whether they would accept the same, and, in order to determine this. they must have had an opportunity to examine it. It was not competent for the defendants to send a different article from that which the plaintiffs had agreed to buy, and then compel them to take it, and sue the defendants on their warranty; but, under such circumstances, the plaintiffs had the right to decline to receive it, notifying the vendors at once of the fact, demand the money which they had paid, and. on failure of payment. to bring this action. They could also recover for the freight which had been paid, on the ground that it was paid before they had an opportunity of knowing whether the article was of the kind and quality represented. This is not like the case of a party receiving property with the knowledge that it did not correspond with the quantity represented. In this case the contract was executory, and not executed. The plaintiffs had performed their part of the contract, and the

defendants had not. This was an agreement to sell goods of a certain kind and quality, but they had not been delivered, and there is no legal way by which a man can be compelled against his will to accept an article which he had not agreed to buy. The plaintiffs are, therefore, entitled to recover the money paid for the sugar, as well as on account of freight, and the defendants are entitled to take the sugar.

The judgment will be for the plaintiffs accordingly.

NOTE [from original report]. For a full discussion of the rights and remedies of the vendee of chattels sold with warranty, consult Chandelor v. Lopus, 1 Smith, Lead. Cas. 264, 275, 281; Cutter v. Powell, 2 Smith, Lead. Cas. 32. And even where there is no warranty, if the articles be of a decidedly inferior quality, the purchaser may rescind the contract, and, on restoring the articles, recover the purchase price. Conner v. Henderson, 15 Mass. 319; Gray v. Cox, 4 Barn. & C. 108; Jones v. Bright, 3 Moore & P. 155; 4 Kent, Comm. 479, 480.